# STATE OF OREGON,
*Respondent,*

*v.*

# SEAN J. COFFEY,
*Appellant.*

# (CM 87-0204; CA A46922)

764 P2d 605

David E. Groom, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Frank Gruber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his conviction for possession of a controlled substance and assigns error to the trial court's denial of both his motion to suppress evidence of cocaine seized from his premises pursuant to a search warrant and his motion to controvert. He challenges the legal sufficiency and the factual accuracy of the affidavit on which the search warrant was issued. We affirm.

Officer Claxton submitted the affidavit which, following a description of his qualifications and experience, stated, in relevant part:

"On June 5, 1987, a Confidential Informant, hereafter referred to as a CI, advised me of the following: In the past 72 hours the CI was in the apartment of Sean Jordan Coffey. Coffey's apartment is located at 433 NW 6th St., #3, Corvallis, Benton County, Oregon.

"CI observed Coffey in possession of a plastic bag that appeared to contain cocaine. Others in the apartment referred to cocaine as 'girl' a street word for cocaine.

"I checked with Pacific Power and Light and they confirmed that a Sean Coffey was listed in their records as the person responsible for the power bill at 433 NW 6th St., #3, Corvallis, Oregon. I also checked with Pacific Northwest Bell. I was advised by them that a Sean Coffey had a listed phone number of 758-7557. Their records also indicate that Coffey has an address of 433 NW 6th St., #3, Corvallis, Oregon.

"I was advised by Detective Larry McCloskey, Benton County Sheriff's Office, that he would administer a polygraph on the CI. The polygraph showed the CI to be truthful regarding his statement about seeing the cocaine.

"CI is not under investigation for a crime. CI admits being able to recognize cocaine because CI admits to having used cocaine in the past.

"CI estimated that the bag of cocaine contained approximately one ounce of cocaine. CI also advised that he observed smaller plastic bags containing approximately 1 gram of cocaine. In my experience cocaine is frequently sold to users in amounts of 1 gram."

On the basis of that affidavit, the magistrate issued a warrant, pursuant to which the police searched defendant's apartment and found approximately one ounce of cocaine, packaged in paperfolds. Defendant's motion to suppress was denied. The

trial court concluded that the affidavit was sufficient on its face and, on the motion to controvert, that the evidence that the informant had been convicted of two misdemeanors, assault in the fourth degree arising out of a family matter and hindering prosecution in an Oregon Municipal Court, did not invalidate the affidavit.

Defendant argues that the affidavit and the search violated ORS 133.545(4), Article I, section 9, of the Oregon Constitution and the Fourth Amendment of the United States Constitution. We address defendant's claim under ORS 133.545, because, if an affidavit is sufficient under that provision, the standards under the Oregon Constitution and the United States Constitution will also be satisfied. *See State v. Carlile,* 290 Or 161, 163, 619 P2d 1280 (1980); *see also State v. Horwedel,* 66 Or App 400, 403, 674 P2d 623, *rev den* 296 Or 638 (1984).

ORS 133.545(4) provides, in relevant part:

"If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

That provision codifies the "two-pronged" *Aguilar/Spinelli* test for determining the adequacy of an affidavit, *see Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964); *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969); *State v. Souders,* 74 Or App 123, 128, 700 P2d 1050, *rev den* 300 Or 112 (1985), which the Oregon Supreme Court has restated to require that an affidavit set forth "(1) the basis of the informant's knowledge and (2) facts showing the informant's 'veracity,' *i.e.,* that he is credible or that his information is reliable." *State v. Villagran,* 294 Or 404, 409 n 3, 657 P2d 1223 (1983).

■ Defendant contends that the affidavit failed to satisfy both requirements. With respect to the first factor, the affidavit disclosed the basis of the informant's knowledge by establishing that the informant had used cocaine in the past and was, therefore, familiar with its appearance, *State v. Koppenhafer,* 59 Or App 213, 217, 650 P2d 981, *rev den* 294 Or 149 (1982), and that he observed the cocaine in defendant's apartment. *State v. Henderson,* 40 Or App 27, 31, 594 P2d 419 (1979).

■　　　　The remaining inquiry is whether, after *State v. Lyon,* 304 Or 221, 744 P2d 231 (1987), polygraph test results may be used as a means of establishing an informant's reliability. Although defendant acknowledges that, in *State v. Fink,* 79 Or App 590, 595, 720 P2d 372, *rev den* 302 Or 36 (1986), we held that the results of a polygraph examination may be considered in determining an unnamed informant's reliability, he urges us to reconsider our decision in light of *Lyon.* He further contends that, even if polygraph tests results may be considered after *Lyon,* the affidavit here was inadequate, because it failed to disclose the examiner's qualifications and that the examination was properly conducted.

In *State v. Brown,* 297 Or 404, 445, 687 P2d 751 (1984), the court held that polygraph test results are inadmissible in any proceeding subject to the rules of evidence under the Oregon Evidence Code. The court in *State v. Lyon, supra,* 304 Or at 233, 234, expanded its holding in *Brown* to prohibit the use of polygraph evidence even where admissibility has been stipulated by the parties. The holdings in *Lyon* and *Brown* are limited to proceedings governed by the rules of evidence. They have no application in search warrant proceedings, which are not subject to the Oregon Evidence Code and which are tested by less rigorous standards than the standards governing the admissibility of evidence at trial. *See Spinelli v. United States, supra,* 393 US at 419; *see also State v. Diaz,* 29 Or App 523, 527, 564 P2d 1066 (1977). We adhere to our holding in *Fink* that polygraph evidence may be considered in determining the reliability of an informant.

■　　　　In *Fink* the affidavit stated that the polygraph examination "was conducted by an O.S.P. Polygrapher," 79 Or App at 592-93, but it did not state how the test was conducted. In this case, despite the omission in the affidavit of the examiner's qualifications, under a common-sense interpretation, it was reasonable for the magistrate to assume that the examination was not done in violation of the law and that the examiner was licensed to conduct those tests under ORS 703.050,[1] vio-

---

[1] ORS 703.050 provides:

"No person, including persons employed by a state agency or public body in this state, may engage in conducting polygraph examinations, refer to that person as a polygraph examiner or offer or advertise services as a polygraph examiner unless that person is licensed under ORS 703.010 and 703.030 to 703.320 as a polygraph examiner."

lation of which constitutes a Class A misdemeanor. *See* ORS 703.990. It is also evident under *Fink* that it is not fatal that the affidavit failed to explain how the test was conducted.

In this case, the affidavit stated that the informant was not presently under investigation for a crime. We hold that the polygraph examination results, together with this fact, sufficiently established the informant's veracity. *See* *State v. Fink, supra,* 79 Or App at 595-96.

Defendant also argues that, even if the affidavit established the informant's knowledge and veracity, the affidavit was inadequate, because the information in it was "inaccurate, untruthful and was not presented in good faith by the affiant." In support of his motion to controvert the search warrant, ORS 133.693,[2] defendant testified that during the 72 hours that preceded June 5, 1987, he was studying for final exams and few people visited him, that it was not possible for anyone to have observed an ounce of cocaine in his apartment during that time, that the only cocaine he received arrived on Friday night, June 5th, after the time specified in the warrant, that the cocaine was in paperfolds and not in plastic bags, and that he never referred to cocaine as "lady." In summary, defendant's testimony contradicted the facts given by the informant.

Under ORS 133.693(1) and (2), a criminal defendant may contest only the good faith, accuracy and truthfulness of the affiant, and not that of a non-affiant, such as an informant. *State v. Hitt,* 305 Or 458, 461, 753 P2d 415 (1988). Defendant does not contend that the informant did not make

---

[2] ORS 133.693 provides, in relevant part:

"(1) Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness.

"(3) In any proceeding under subsection (2) of this section, the moving party shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful."

the statements in the affidavit to Claxton or that Claxton incorrectly reported a statement. ORS 133.693 precludes defendant from challenging whether the informant fabricated evidence. *State v. Hitt, supra,* 305 Or at 465. Defendant also offered no evidence that Claxton had knowledge of the informant's criminal past or of any other facts which might have contradicted the information provided by the informant to support a claim of bad faith. The trial court did not err in denying defendant's motion to controvert.[3]

Affirmed.

---

[3] Defendant's argument that the informant's information was stale is without merit.