Argued and submitted October 31, 1988, (CA A45215) affirmed; (CA A44749, A44750, A44448 and A44446) affirmed on appeals, and cross-appeals dismissed as moot April 26, reconsideration denied June 23, petition for review denied July 13, 1989 (308 Or 184)

STATE OF OREGON,
*Respondent,*

*v.*

ROXIE McBRIDE,
*Appellant.*

(C86-12-36300; CA A45215 (Control))

STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

BRYAN SYMES,
*Respondent - Cross-Appellant.*

(C86-12-36299; CA A44448 (Control))

STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

ELIZABETH ANN SYMES,
*Respondent - Cross-Appellant.*

(C86-12-36298; CA A44446)
(Cases consolidated)

STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

MEIDANA PURSIFULL,
*Respondent - Cross-Appellant.*

(C86-12-36297; CA A44749 (Control))

STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

RAJIAM PURSIFULL,
*Respondent - Cross-Appellant.*

(C86-12-36296; A44750)
(Cases consolidated)

(Cases consolidated for opinion)

773 P2d 379

Susan Elizabeth Reese, Portland, argued the cause and filed the brief for appellant Roxie McBride.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the causes for appellant - cross-respondent State of Oregon and respondent State of Oregon. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Frank E. Stoller, Newberg, argued the cause for respondent - cross-appellant Brian Symes. With him on the brief was Raymond F. Thomas, Portland.

Raymond F. Thomas, Portland, argued the cause for respondent - cross-appellant Elizabeth Symes. With him on the brief was Frank E. Stoller, Portland.

Richard A. Carlson, Portland, argued the cause and filed the brief for respondent - cross-appellant Meidana Pursifull and joined the brief for respondent - cross-appellant Rajiam Pursifull. John Henry Hingson III, Oregon City, argued the cause and filed the brief for respondent - cross-appellant Rajiam Pursifull and joined the brief for respondent - cross-appellant Meidana Pursifull.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

*State v. McBride, State v. Pursifull* (two cases) and *State v. Symes* (two cases), have been consolidated for opinion. A single affidavit set forth the information upon which the magistrate issued three warrants to search, respectively, the residences of McBride, the Pursifulls and the Symeses. All defendants moved to suppress evidence that the police seized in their respective residences. The court also heard motions to controvert and the motions to suppress in a single hearing and considered the motions to controvert as if they were one motion to controvert on behalf of all defendants, including McBride, who had not filed a motion to controvert.

In *State v. McBride,* defendant appeals her conviction for manufacture of marijuana, a controlled substance. ORS 475.992(1). She assigns as error that the court denied her motions to suppress and to controvert. In *State v. Pursifull* and *State v. Symes,* both prosecutions for manufacture and conspiracy to manufacture marijuana, ORS 475.992(1); ORS 161.450(2), the state appeals in each case from the court's order that granted the respective motions of defendants' Pursifull and defendants' Symes to suppress. Those defendants cross-appeal the court's denial of their respective motions to controvert. In each case, we affirm the appeals. In *Pursifull* and *Symes,* the cross-appeals are dismissed as moot.

The police officer's affidavit stated in substance:

(1)    An anonymous caller had reported to the police that

> "a Rogme Percipal, who lives at 5828 N. Concord Av. was selling and growing marijuana at the above location plus other rentals he owns have marijuana growing in them also. He uses his business of light manufacturing at 1634 N.E. Brooklyn St. to launder his money. The other three rentals include the house just south of 5828 N. Concord Av., 2021 N. Jessup St., and 6912 N. Missouri Av."

(2)    Rajiam and Meidana Pursifull (not Rogme Percipal) own the property at 5824 (not 5828) N. Concord Ave.; the property at 2021 N. Jessup St. is "contracted" to Rajiam Pursifull; the Ascendington Group, a corporation in which the parties of interest are Rajiam Pursifull, Brad Gray, and Jamail McKinney, owns 6912 N. Missouri; and Brad Gray and Donna

J. Davies own the house just south of the Pursifulls' at 5818 N. Concord Ave. Pursifull lives at 5824 N. Concord Ave., Gray at 5818 N. Concord Ave., and McKinney at 3324 S.E. Washington St.

(3)   At 5824 N. Concord Ave., the Pursifulls' residence, the house of 1,440 square feet, with non-electric heat and an electric water heater, has used, since December, 1985, a monthly average of 3,600 to 3,700 kilowatts (kwh). At 5818 N. Concord Ave., Gray's residence, a house of 1,398 square feet, with electric heat and an electric water heater has, since November, 1985, used a monthly average of 2,600 to 3,100 kwh. In the month May to June, 1986, it used 1,027 kwh. The house at 2021 N. Jessup, the Symes' residence, of 948 square feet, with neither electric heat nor an electric water heater, has, since January, 1986, used a monthly average of 2,050 kwh. The house at 6912 N. Missouri Ave., McBride's residence, of 816 square feet, with electric heat and water heater, uses a monthly average of 2,600 to 3,100 kwh. For the month May to June, 1985, before defendant resided there, it used 710 kilowatts, but used 2,759 for the same month in 1986. Rajiam Pursifull, Bryan Symes and Roxie McBride are responsible for the electricity accounts at each of their respective residences. The affiant has been a police officer for 14 years and has been involved in 13 marijuana indoor grow investigations. From his training and experience as a narcotics investigator, he knew that marijuana grow operations require "high intensity lighting equipment." He had previously found that electric figures provided by a PP&L pamphlet were "accurate figures for revealing indoor marijuana grow operations." He used this pamphlet to estimate that a typical house of 1500 square feet with standard appliances and an electric water heater would use about 1,050 kwh each month. He also found that a neighbor's house of "similar size" to the other houses investigated, with an electric water heater and oil heat, used a monthly average of 747 kwh.

(4)   The affiant "smelled a very strong odor of marijuana issuing from [McBride's residence]" on 6/13/86; and "[o]n 7/2/86, [he] again walked by this location and was able to detect the odor of marijuana."

(5)   The affiant observed that the basement windows of McBride's and the Pursifulls' residences appeared to

be "boarded up from the inside." He knew from his experience that marijuana grow operators try to conceal the high intensity lighting "by pulling the drapes and covering the windows with black plastic, plywood, boards or other types of materials."

(6) The affiant could not observe the basement windows at the Symes' residence, because they were obscured by shrubbery.

(7) McBride works for High Tech Hobbies, a corporation in which the parties of interest are Rajiam Pursifull and Martin Stockdale. She told a neighbor that she works for three different people who often bring her work at her house. Pursifull's blue van has come to her house on several occasions.

(8) A neighbor of the Symeses thought that Elizabeth Symes' sister, who lives on Concord Ave., owns the house at 2021 N. Jessup St. The affiant saw the Pursifulls' blue van drive up to the Symes' residence. Brian Symes has in the past listed his address as 2824 N. Concord Ave.

The court stated:

"Now, all three of the residences, except the Gray residence, exceed [the norm for electricity usage] very substantially. And then we have the most important factor as far as a reason to believe that marijuana is being grown, and that is the odor of marijuana on June 13th and July 2nd at [the McBride residence].

"Now, the State does have some evidence interconnecting all of the residences to Mr. Pursifull either by some sort of rental arrangement of the housing from Mr. Pursifull, from a partnership arrangement with him from an employee, or family relationship with him. But this interconnection alone isn't enough to attribute the odor of marijuana at the North Missouri Avenue residence to the other three residences that are involved.

"So as far as the McBride residence is concerned, we have an unusual electric usage, windows boarded up, and the odor of marijuana on the two occasions that were related. And in my judgment, that's sufficient to give reason to believe that marijuana is being cultivated on the premises.

"* * * * *

"And [at] the other two residences [Pursifull and Symes] we have only the unusual use of electricity and the windows being

boarded [sic]. In my judgment, that's not sufficient to issue a warrant."

It also stated:

"[T]he odor of growing marijuana is very substantial where it is grown indoors, in a concentrated situation by the use of grow lights and nutrient material to enhance the growing process.

"And it's—in my judgment, it is not unusual at all that the odor you have that growing marijuana would be able to be detected, at least under some conditions."

It also stated subsequently in a letter:

"Prior to the issuance of the search warrant the police were unable to determine whether the basement windows of the Symes' residence were boarded as those windows were obscured from view from the street by vegetation."

The court ruled that it would disregard the information from the anonymous informant:

"What we have here is nothing more than an anonymous tip. The officer—and no one here has any idea what the basis for that information was. And that is more important than being able to form an opinion as to the veracity of the informant. It may be that we have a person of impeccable veracity who, in good faith, passed this information along to the police but the information was picked up just as the gossip and the underlying firsthand knowledge might be removed by 10 or 20 sets of mouths—sets of ears and mouths. So the anonymous tip in this case really does nothing more than initiate the process of investigation. It doesn't add any probative value to the search warrant."

We agree with the court's analysis and conclusions. *See* ORS 133.545(4); *State v. Villagran,* 294 Or 404, 409 n 3, 657 P2d 1223 (1983); *State v. Hall,* 79 Or App 597, 720 P2d 376 (1986).[1]

---

[1] ORS 133.545(4) and Article I, section 9, incorporate the two-part test of *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), and *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969). The affidavit must set forth both the basis of the informant's information and his veracity. *See State v. Carlile,* 290 Or 161, 619 P2d 1280 (1980); *State v. Montigue,* 288 Or 359, 605 P2d 656 (1980); *State v. Souders,* 74 Or App 123, 700 P2d 1050 (1985); ORS 133.545(4) states:

"The application shall consist of a proposed warrant in conformance with ORS 133.565, and shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched. If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

The court correctly disregarded the information from the anonymous informant.

## STATE v. McBRIDE

■ The police searched the McBride residence under a search warrant dated July 11, 1986, and seized marijuana plants, an electric fan, receipts and other paraphernalia of marijuana production. The motion to controvert contested that the window coverings were unusual, that the residence had a higher than average electrical usage and that the affiant had smelled growing marijuana from outside the residence.

To controvert the affiant's statement that he smelled growing marijuana,[2] McBride argued that the affiant could not have identified it, because the affidavit does not state his experience or training in detecting its smell, he testified that he could not distinguish its smell from that of four other growing plants and McBride had testified that she had a "full garden" growing in front of the house. To show that her power consumption at the residence was not unusually high, defendant presented evidence that she could have used numerous electrical appliances, that the house was an older home and that it has electric heat. To show that the boarding up of her residence was innocent, she presented evidence that there was a high burglary rate in the area, that her residence had recently been burglarized and that 50% of the homes in the area had covered windows, frequently with an opaque material.

■ In reviewing the court's denial of the motion to controvert, we are bound by its findings of fact, if there is evidence to support them. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). From the evidence, the court could have found that the figures for electricity use at 6912 N. Missouri Ave. were substantially correct, which McBride does not contest, and showed unusually high usage. The affiant had compared McBride's electricity usage to the power company's figures, to usage at her residence before she occupied it and to the usage in a similar home. The court could also conclude that the affiant did smell marijuana outside McBride's residence on the two occasions to which he refers. It could find that

---

[2] The affiant admitted at the hearing that what he claimed to smell was growing, not burning, marijuana.

affiant's involvement in 13 marijuana growing investigations was evidence that he was experienced in detecting the smell of growing marijuana. Finally, McBride did not attempt to controvert that the windows were boarded up from the inside. Except for the information from the anonymous informant, we conclude that the court could consider the entire affidavit. *See* ORS 133.693.[3]

■ The court also did not err when it denied the motion to suppress. McBride argued that the court should disregard the information from the anonymous informant, because the affidavit does not show a basis of knowledge. The court agreed, as do we. She also argued that, for the reasons urged in the motion to controvert, the court should disregard the affiant's statement that he had smelled marijuana. The court disagreed, and so do we. If we disregard the information that the anonymous informant supplied, the affidavit still establishes probable cause. Probable cause to search exists if "the facts upon which the warrant is premised * * * lead a reasonable person to believe that seizable things will probably be found in the locations to be searched." *State v. Anspach,* 298 Or 375, 380, 692 P2d 602 (1984). It is less than proof beyond a reasonable doubt but is more than a mere possibility. *State v. Haines,* 62 Or App 163, 169, 659 P2d 972 (1983); *see also United States v. Ventresca,* 380 US 102, 85 S Ct 741, 13 L Ed 2d 684 (1965).

Although high power consumption by itself may not establish probable cause, the court may consider high power consumption as a factor in determining whether an affidavit states probable cause. *See State v. Howell,* 93 Or App 551, 763 P2d 179 (1988); *State v. Donahue,* 93 Or App 341, 762 P2d 1022 (1988); *State v. Prince,* 93 Or App 106, 760 P2d 1356 (1988). Although there may be an innocent, as well as an

---

[3] ORS 133.693 provides in part:

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness.

"(3) In any proceeding under subsection (2) of this section, the moving party shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful."

incriminating, explanation for high power consumption and boarded up windows, the court may consider those facts together with other facts. *See State v. Donahue, supra,* 93 Or App at 347; *State v. Prince, supra,* 93 Or App at 114. The statement in the affidavit that the affiant twice smelled marijuana from the sidewalk outside defendant's home is very significant. *See State v. Cross,* 23 Or App 536, 543 P2d 48 (1975). When the court considered the facts of boarded up windows, unusually high power consumption and the presence on two recent occasions of the odor of marijuana on the sidewalk outside defendant's home, it properly concluded that the affidavit showed probable cause to believe that a search would discover evidence of marijuana manufacture at McBride's residence.

## *STATE v. PURSIFULL*

■ The state assigns as error that the court ruled that the affidavit did not show probable cause to support the warrant to search defendant Pursifulls' residence. We have already held that the court properly disregarded the information that the anonymous informant provided. The state argues, however, that the affidavit shows connections between McBride, the Symeses and the Pursifulls that are sufficient so that the marijuana odor from McBride's residence adds to the facts supporting the warrant to search the Pursifulls' residence. It points to assertions in the affidavit that electricity usage for all three residences was consistently three to four times above "normal" use, that the Pursifulls' windows were boarded up, as were McBride's, that Rajiam Pursifull employed McBride, that the Pursifulls owned McBride's residence and that Pursifull's van was seen at McBride's residence.

■ An affidavit for the search warrant must show facts demonstrating probable cause to search each place. *State v. Haines, supra,* 62 Or App at 170. Here, the officer did not smell marijuana at the Pursifull residence, but only at McBride's residence. Without the information from the anonymous informant, we agree with the court that the facts that Rajiam Pursifull employed McBride, that the Pursifulls owned and rented McBride's residence to her, that Rajiam Pursifull's van was seen at that residence and that the Pursifulls and McBride both used large amounts of electricity and boarded

their windows are not sufficient to support a connection between the smell of marijuana at McBride's residence and illegal activity at the Pursifulls' residence.

Accordingly, the court should only have considered the high electricity usage and the boarded windows at the Pursifulls' residence in evaluating whether probable cause existed to search. We agree with the court that those facts did not establish probable cause to search it. They would not necessarily "lead a reasonable person to believe that seizable things will probably be found in the locations to be searched." *State v. Anspach, supra.* In other cases, we have required greater evidence of marijuana production than merely high electricity usage and covered windows. *See State v. Howell, supra; State v. Donahue, supra; State v. Prince, supra.*

The court did not err when it granted the Pursifulls' motion to suppress. Because of that disposition, we need not consider their cross-appeal respecting the motion to controvert. It is moot.

## STATE v. SYMES

■ The state argues that the court should have considered the information from the anonymous informant. For the reasons stated above, the court correctly disregarded that information. The state also argues that the connections between the Symeses, McBride and the Pursifulls—Symes rented from a person who had "contracted" the house to Rajiam Pursifull, the van of Rajiam Pursifull had been seen at the Symeses' residence and Bryan Symes had in the past listed his address as the same as Pursifulls—are sufficient so that the marijuana odor from McBride's residence adds to the facts supporting the warrant to search Symes' residence. The trial court disagreed, and so do we.

■ What is left is high electricity usage, which is not sufficient by itself to infer that evidence of marijuana manufacture probably will be found at the Symeses' residence. The court did not err in ruling that, without the information that the anonymous informant supplied and the evidence about the smell of marijuana, the affidavit did not establish probable cause to search the Symeses' residence.

*State v. McBride* (CA A42515) affirmed; *State v.*

*Pursifull* (CA A44749 and CA A44750) affirmed on appeals and cross-appeals dismissed as moot; *State v. Symes* (CA A44448 and CA A44446) affirmed on appeals and cross-appeals dismissed as moot.