Argued and submitted January 13, 1992, reversed and remanded on appeal; affirmed on cross-appeal May 19, reconsideration denied August 4, petition for review denied September 21, 1993 (317 Or 584)

STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

JACK DENNIS WILSON,
*Respondent - Cross-Appellant.*

(90-CR-0291-TM)

STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

JANELLE MARIE WILSON,
*Respondent - Cross-Appellant.*

(90-CR-0292-TM; CA A68141)

852 P2d 910

Jas. Adams, Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Geoffrey J. Gokey, Redmond, argued the cause and filed the brief for respondents - cross-appellants.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendants, husband and wife, were each charged with two counts of possession of a controlled substance and unlawful possession of a firearm silencer. ORS 475.992; ORS 166.272. The state appeals from a pretrial order suppressing evidence obtained after an alleged violation of the "knock and announce" rule. ORS 133.575(2). Defendants cross-appeal the denial of their motions to suppress evidence obtained in the search on the basis of their challenge to the affidavit supporting the search warrant. We reverse and remand on appeal and affirm on cross appeal.

On April 26, 1990, at approximately 7 a.m., the police executed a search warrant at defendants' residence in Bend. Defendants were found in their bedroom when the police first entered. During the search, police found marijuana, methamphetamine and a firearms silencer. Both defendants moved to suppress the evidence obtained in the search, challenging the sufficiency of the affidavit supporting the search warrant and alleging that the police had violated ORS 133.575(2) in making their entry. The hearings on the motions were consolidated.

ORS 133.575(2) provides:

> "The executing officer shall, before entering the premises, give appropriate notice of the identity, authority and purpose of the officer to the person to be searched, or to the person in apparent control of the premises to be searched, as the case may be."

The trial court concluded that the police entry violated that statute. It then found that the circumstances did not present a risk to the officers' safety and held that the evidence obtained after the entry must be suppressed.

The state assigns error to the trial court's granting of defendants' motions to suppress. It argues that the evidence does not support the trial court's determination that the entry occurred contemporaneously with the knocking and announcing and that the court erred in its legal conclusion that the statute had been violated.

The trial court apparently relied on the testimony of Officer Kipp in making its findings:

> "I have reviewed the record of Officer Kipp's testimony and his testimony was, with regard to the timing of the utterance of the words 'Police — Warrant', in conjunction with the attempt to enter. (He also testified that the police had with them a battering ram and a pry bar to use, depending on whether the door opened in or out.) An officer knocked on the door, said 'Police — Search Warrant' and * * * [the police] tried to 'open the door as quickly as possible' by prying it. * * * [T]he officers 'attempted to pry the door with a crowbar at the same time yelling 'Police — Search Warrant.'
>
> "After attempting to pry the door unsuccessfully, an officer took the crowbar and broke the window and reached inside and opened the door. As the officer was breaking the window, he was saying 'Police — Search Warrant.' "

■ Our review of the trial court's findings is limited to whether the evidence supports them. As explained in *State v. Ford*, 310 Or 623, 638, 801 P2d 754 (1990):

> "What actually transpired is a question of fact for the finder of fact. If the evidence sustains such historical factual findings, they will not be disturbed on appeal. If findings are not made on all such facts, and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the ultimate conclusion made by the finder of fact."

Kipp's testimony supports the trial court's findings regarding the announcement and the attempt to pry the door open, but Kipp also testified about an earlier knock and announce:

> "Q   When you knocked on the door what — where about on the door did you knock?
>
> "A   Well, the door had this small window, 12 by 12 window, above the door — above that window one of the officers knocked and advised, 'Police, search warrant.'
>
> "Q   And did you hear him say that?
>
> "A   Yes, I did.
>
> "* * * * *
>
> "Q   And did anybody answer the door?
>
> "A   No.

"Q    Then what was the next step taken?

"A    To open the door as quickly as possible. The officers attempted to pry the door with the crowbar, at the same time yelling, 'Police, search warrant.' Several attempts were made to try to pry the door open unsuccessfully."

After reciting the events as Kipp had described them, the trial court determined that

"[t]he only reasonable inference to be drawn from this testimony is that the police tried to pry the door at the same time they began voicing 'Police — Search Warrant.'

"[T]he attempt at entry by prying was contemporaneous with the announcement of the identity and purpose of the officers."

On this basis, the court concluded that the police conduct violated ORS 133.575(2) and suppressed the evidence.

■■    However, the trial court's conclusion based on its "inference" regarding the officers' conduct is not consistent with the evidence and does not support its legal conclusion. There is no evidence in the record that contradicts Kipp's testimony that an announcement occurred before attempted entry and before the actual entry. The trial court did not find that Kipp was not credible. Further, an attempt to pry a door is not an entry. The relevant time period for the trial court to decide if appropriate notice was given is from the first announcement to the actual entry. On remand, the trial court should assess the time period between what it finds to be the initial announcement and the actual entry to determine whether appropriate notice was given under ORS 133.575(2). *State v. Bost*, 114 Or App 519, 837 P2d 536 (1992), *rev allowed*, 315 Or 643 (1993). Accordingly, we remand to the trial court to make further findings regarding when the police announcements occurred and their relationship in time to the police entry and to determine if this constituted appropriate notice under the statute. *State v. Wise*, 305 Or 78, 82 n 2, 749 P2d 1179 (1988).

Because the issue may arise again on remand, we address defendants' cross-appeal in which they assign error to the denial of their motions to suppress on the basis of the insufficiency of the affidavit supporting the search warrant. They first argue that the warrant was not supported by

probable cause, because the information provided by the confidential informant that was included in the search warrant affidavit was stale.

■■  We conclude that the information supporting the warrant was not stale. An affidavit is not stale if it contains facts that show that it is more probable than not that the items sought are still at the location to be searched at the time the application is made. *State v. Koppenhafer*, 59 Or App 213, 218, 650 P2d 981, *rev den* 294 Or 149 (1982). The affidavit provided reason to believe that defendants were involved in a continuing drug operation and that drugs and drug manufacturing equipment were likely to be found on the property at the time the affiant applied for the warrant. *See State v. Gale/ Rowden*, 105 Or App 489, 497, 805 P2d 158, *rev den* 311 Or 427 (1991). The application was made on April 23, 1990, by Officer Roshak, who obtained some of his information through Kipp. Kipp had spoken with an unnamed informant on March 5 and had been told that an acquaintance, Sanders, had been involved with a person named "Jack" in a methamphetamine production operation located at Jack's residence in Bend for the past seven to eight months. Roshak stated that, in his experience with drug operations, laboratories generally are ongoing enterprises for extended periods. There was sufficient information in the affidavit for a magistrate to conclude that this was an ongoing operation and that the evidence sought would still be at the residence in Bend when the application for the warrant was made.

■■  Defendants also argue that the affidavit was not sufficient, because there was no showing that the information provided by the unnamed informant and Sanders was reliable. Because there are two informants involved, we consider each one separately. The reliability of information from an unnamed informant is established by setting forth facts that show the informant's basis of knowledge and veracity. ORS 133.545(4); *State v. Nuttall*, 97 Or App 285, 290, 776 P2d 26, *rev den* 308 Or 593 (1989). Information from a named informant is subject to essentially the same analysis to determine whether a reasonable magistrate could conclude, under the totality of circumstances, that there was probable cause to support the issuance of the warrant. ORS 133.555(1), (2); *State v. Farrar*, 309 Or 132, 144, 786 P2d 161 (1990); *State v.*

*Young*, 108 Or App 196, 816 P2d 612 (1991), *rev den* 314 Or 392 (1992).

■■ In this case, the unnamed informant told Kipp that he had overheard some telephone conversations between Sanders in Washington and Jack in Bend regarding methamphetamine manufacturing. The informant also related to Kipp that Sanders told him that "Jack" had recently recovered some glassware lost to the police in a 1986 drug investigation. Sanders also described Jack's residence, its location and the glassware, which bore police evidence markings. In addition, the informant told Kipp that Sanders had disclosed his and defendant's plan to alter a boat for use as a methamphetamine laboratory in Puget Sound. A person's own conversations are a legitimate basis of knowledge. *State v. Fink*, 79 Or App 590, 594, 720 P2d 372, *rev den* 302 Or 36 (1986). The unnamed informant's conversations with Sanders provide satisfactory evidence of his basis of knowledge.

■■ ■■ An affiant's corroboration of an informant's statements is probative of veracity. *State v. Brust*, 94 Or App 416, 420, 765 P2d 1246 (1988). Through his own experience, Roshak attested to the general accuracy of the informant's statements regarding drug operations. Also, Roshak was able to verify that Sanders held phone conversations with defendant in Bend through the use of phone records. He researched the 1986 drug investigation of defendant's residence and confirmed that police had confiscated some glassware, which had been returned to defendant recently, and that the informant's recitation of Sanders' description of the police markings was consistent with the 1986 reports. Roshak also verified the accuracy of the informant's description of defendant's residence and location. Furthermore, during their surveillance of defendant's property in March, 1990, Roshak and Kipp saw a large boat in the process of being repaired. The affidavit contained sufficient proof of the unnamed informant's veracity.

Sanders' information was also properly found to be reliable. Recitations of his own conversations with defendant provide a sufficient basis of knowledge. *See State v. Young, supra*, 108 Or App at 203. Because statements made against penal interests bear favorably on a speaker's credibility, Sanders' credibility was supported by his disclosure of the

plan to convert a boat into a drug laboratory. *See State v. Alvarez*, 308 Or 143, 776 P2d 1283 (1989). His credibility was further supported by Roshak's independent corroboration of the information about defendant, his residence and the boat on the property.

Because there was sufficient information in the affidavit to establish the reliability of the unnamed informant's information and because the information from Sanders, together with all the other facts and circumstances, supported a finding of probable cause, we conclude that the trial court properly denied defendants' motions to suppress on that basis.

Reversed and remanded on appeal; affirmed on cross-appeal.