Argued and submitted October 2, 1992, reversed and remanded for new trial December 8, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## BRADLEY JAMES COTTER,
*Appellant.*

(90C20234; CA A72255 (Control))

## STATE OF OREGON,
*Respondent,*

*v.*

## TRACY LAUREL RAY,
*Appellant.*

(90C20235; CA A72256)
(Cases Consolidated)

864 P2d 875

Kevin T. Lafky argued the cause for appellants. With him on the brief were Elton T. Lafky and Lafky & Lafky.

Janie M. Burcart, Assistant Attorney General, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendants were convicted of possession of a controlled substance. ORS 475.992. In this consolidated appeal, they assign error to the trial court's denial of their motion to suppress evidence seized pursuant to a search warrant for their home. We reverse.

■ Defendants argue that the affidavit supporting the search warrant did not establish probable cause to believe that evidence of a crime would be found at their home. The affidavit described a cocaine distribution network in Salem. A PEN register that police installed on the telephone of a secondary distributor showed that, over the course of a month, someone at defendants' residence placed 47 calls to the distributor's telephone number, and that someone at the distributor's residence placed 13 calls to defendants' number. The affidavit also recited that, ten months earlier, an anonymous caller had reported:

> "Bradley J. Cotter of 560 Missouri Avenue, South Salem, Marion County, Oregon was selling cocaine to a female friend of the caller[,] * * * that Cotter sells cocaine from his residence and from his vehicles * * * [and] that Cotter gets the cocaine that he sells from 'Jerry and Chris who live on Gregory Lane.' "

The affidavit stated that the secondary distributor, Jerry Meola, lives with Chris Taylor on Gregory Lane.

ORS 133.545(4) provides, in part:

> "If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

The requirement that the affidavit establish the informant's basis of knowledge gives the "issuing magistrate a basis for determining the weight to give the information supplied by the informant." *State v. Young*, 108 Or App 196, 201, 816 P2d 612 (1991), *rev den* 314 Or 392 (1992). If the affidavit provides no facts for evaluating the basis of the informant's knowledge, then the informant's statements must be stricken from the affidavit. *State v. McBride*, 96 Or App 268, 276, 773 P2d 379, *rev den* 308 Or 184 (1989); *State v. Fink*, 79 Or App 590, 594, 720 P2d 372, *rev den* 302 Or 36 (1986).

Here, the affidavit offers no facts bearing on the informant's basis of knowledge. There is no way to determine if she obtained her information through personal observation or through layers of hearsay. The state assumes that the informant received the information from her friend. Nothing in the affidavit establishes that direct link. Without the necessary facts, the issuing magistrate cannot fulfill the obligation to evaluate the informant's reliability, or that of each successive layer of her hearsay sources. *See State v. Alvarez*, 308 Or 143, 148, 776 P2d 1283 (1989); *State v. Worsham*, 114 Or App 170, 173, 834 P2d 1033, *rev den* 314 Or 574 (1992); *State v. Young, supra*, 108 Or App at 202; *State v. Fink, supra*, 79 Or App at 593.

■ The affidavit also fails to set forth sufficient facts bearing on the informant's veracity. Veracity may be established by facts showing that the informant is credible or that the informant's information is reliable. *State v. Alvarez, supra*, 308 at 147. The affidavit contains no facts bearing on the informant's credibility. It also does not establish that the information is reliable. The only facts in the affidavit that corroborate the informant's statement are that a man named Jerry, who lives on Gregory Lane, is a suspected cocaine distributor, and that someone from defendants' residence placed an average of approximately one and one-half telephone calls per day to Jerry's residence. There is no way to determine from the PEN register whether any of the calls were completed or whether they merely resulted in busy signals or no answer. Moreover, the register does not identify the subject matter of the calls or the persons who placed them. Even viewing the search warrant affidavit in a common sense, non-technical manner, *see State v. Young, supra*, 108 Or App at 200, the affidavit does not set forth sufficient facts bearing on the informant's reliability or basis of knowledge.

■ When the informant's statement is disregarded, the only remaining basis for a determination of probable cause is the PEN register. The state contends that placing frequent telephone calls to a cocaine dealer's residence, without more, establishes probable cause to search a citizen's home. We decline to adopt that *per se* rule. "Probable cause is necessary to support a warrant, not merely one possibility, among

many." *State v. Carter/Grant*, 316 Or 6, 13, 848 P2d 599 (1993).

Reversed and remanded for a new trial.