Argued and submitted March 1, reversed and remanded April 26, 1995

STATE OF OREGON,
*Appellant,*

*v.*

JAMIE GOFF,
*Respondent.*

(L93-144 CR; CA A83695 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

KEVIN GOFF,
*Respondent.*

(L93-145 CR; CA A83696)

STATE OF OREGON,
*Appellant,*

*v.*

JAMIE GOFF,
*Respondent.*

(L93-173 CR; CA A83697)

STATE OF OREGON,
*Appellant,*

*v.*

KEVIN GOFF,
*Respondent.*

(L93-174 CR; CA A83698)

894 P2d 1207

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Philip W. Studenburg filed the brief and waived oral argument for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

The state appeals the trial court's order suppressing evidence seized pursuant to a search warrant. ORS 138.060(3). It argues that the search warrant affidavit established probable cause to search defendants' residence. We agree, and reverse.

City of Lakeview officer Goss is the affiant of the affidavit. He is the Drug Abuse Resistance Education (DARE) officer for Lake County, and part of his duties as the DARE officer include teaching classes at schools on the harmful effects of substance abuse, how to recognize controlled substances and substance abuse, and how to report substance abuse problems. The relevant information in the affidavit was provided to Goss by Tori Stratton, the nine-year-old daughter of defendant Jamie Goff and the stepdaughter of defendant Kevin Goff. At the time of the affidavit, Tori lived with defendants. Goss was contacted initially by Tori's father and her paternal grandparents regarding statements Tori had made to them that defendants were using drugs. Based on the information given by Tori to Goss and contained in the affidavit, the police obtained a search warrant and searched defendants' home.

In support of their motion to suppress, defendants argue that the affidavit did not give probable cause to search, because Tori's information was unreliable and the information was stale. The trial court granted the motion without disclosing the reasons for its ruling. Our review of the sufficiency of the affidavit is based on

> "whether a neutral and detached magistrate could conclude, based on the facts and circumstances shown by the affidavit, that there was probable cause to believe that the search would discover things specified in the affidavit in the places requested to be searched." *State v. Villagran*, 294 Or 404, 408, 657 P2d 1223 (1983).

With regard to the reliability of Tori's statements, the parties agree that we analyze the statements of a named informant in essentially the same manner as we analyze those of an unnamed informant. *State v. Wilson*, 120 Or App 382, 387, 852 P2d 910 (1993). In other words, we look to Tori's veracity and the basis of her knowledge. Defendants argue

that Tori's statements lack veracity, because the affidavit shows that Tori did not wish to live with her mother and, thus, had a significant motivation to lie. They also argue that, because Tori's father and paternal grandparents instigated Goss's contact with Tori, Tori's veracity is called into question. The information in the affidavit does not persuasively support either argument. Defendants do not point to any information of general or specific ill feeling between Tori's father and grandparents and her mother. According to the affidavit, Tori said she doesn't "want to live at home until [her mother] gets better." That statement indicates a desire to live with her mother, but under different circumstances. We discern no inference from that statement or the remainder of the information in the affidavit that Tori was lying.

■ Next, defendants argue that Tori could only identify the alleged marijuana as "green vegetable material that looked similar to 'parsley stuff,'" and under the court's holding in *State v. Carter/Grant*, 316 Or 6, 848 P2d 599 (1993), Tori had to positively identify the substance as marijuana for probable cause to exist. In *Carter/Grant*, the informant was a police officer trained and experienced in visually identifying controlled substances. The court felt it significant that an officer with that kind of training could only identify the plant he observed as "consistent with" marijuana. 316 Or at 13. In contrast, Tori stated that based on what she had learned in her health class, she could identify the substance she saw as belonging to the cannabis family. Furthermore, when Tori was shown a package of "manicured marijuana" from Goss's drug identification kit, she identified it as like what she had seen at her house. She was able also to identify the cocaine and drug paraphernalia in the same manner, and she told Goss that she had seen all of the substances in her home. This information established a sufficient basis of knowledge for Tori's statements regarding the existence and use of controlled substances in her home.

■ Finally, defendants argue that the information in the affidavit is stale. They rely on our holding in *State v. Kittredge/Anderson*, 36 Or App 603, 585 P2d 423 (1978), where the search warrant affidavit stated that a confidential reliable informant had been at certain premises within the last 96 hours and had observed marijuana while there. We

said that this averment was insufficient because it did not state who was in possession of the marijuana, what the prior history of marijuana use at the premises was, and what amount of marijuana had been consumed at the premises. Without such information, the magistrate had no way of knowing whether drugs would continue to be at the premises. 36 Or App at 607. Contrary to defendants' arguments, we have never said that an informant must always specify the amount of a controlled substance that he or she saw in order for the information in the affidavit to not be stale. *See State v. Scheer*, 49 Or App 937, 941, 620 P2d 973 (1980)("We do not mean to suggest that it is necessary for the informant to describe the particular quantity involved."). "The lapse of time after which information becomes stale depends on all the circumstances." *State v. Gale/Rowden*, 105 Or App 489, 497, 805 P2d 158 (1991).

In this case, Tori's information provided a reasonable belief that drugs were used in her home on a continuing basis. Goss applied for the search warrant the same day that he interviewed Tori and, according to Tori's information, just one day before her mother was to receive another delivery of marijuana. Based on the totality of the information in the affidavit, it was reasonable for the magistrate to conclude that it was more probable than not that controlled substances would be found at defendants' residence at the time of the issuance of the warrant.

Reversed and remanded.