Argued and submitted December 1, 1987, decisions of Court of Appeals and trial court affirmed April 12, 1988

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## ERNEST VANCE HITT,
*Petitioner on Review.*

(TC 85-5802; CA A41513; SC S34214)

753 P2d 415

Richard F. Alway, Salem, filed the petition and argued the cause for petitioner on review.

Brenda J. Peterson, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

CARSON, J.

## CARSON, J.

This case concerns the breadth of ORS 133.693,[1] which allows a criminal defendant to contest "the good faith, accuracy and truthfulness of the affiant" upon motion to controvert a search warrant. The question presented is whether defendant may contest the accuracy and truthfulness of an informant's statements included within a search warrant affidavit.

On October 29, 1985, defendant was arrested for possession of heroin after a search of certain premises pursuant to a search warrant. The warrant was obtained upon the affidavit of a police officer. The affidavit stated, *inter alia,* that the officer had communicated with a "confidential and reliable informant" who had given accurate information about narcotics trafficking in the past. It recited past instances in which the informant's information had proven reliable. The affidavit stated that the informant had told the officer that defendant sold heroin from his residence. It then stated that police officers had observed the informant enter defendant's residence and emerge with a substance which later tested positive for heroin. The affidavit stated that the informant told the officer that he had purchased the heroin from defendant.

Defendant moved to suppress evidence seized as a result of the search warrant, supplementing that motion with a motion to controvert the search warrant. He contended that

---

[1] ORS 133.693 provides, in pertinent part:

"(1) Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness.

"(3) In any proceeding under subsection (2) of this section, the moving party shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful.

"* * * * *

"(5) The court shall determine whether, under applicable law, any inaccuracy, untruthfulness or lack of good faith requires suppression."

the police officer-affiant had not presented "accurate and truthful information" to the issuing authority. Basically, defendant argued that the informant either had been mistaken about defendant's identity or had outright lied. The circuit court denied his motion to controvert because defendant failed to challenge "the veracity of the *affiant.*"[2] (Emphasis added.) The Court of Appeals affirmed without opinion. *State v. Hitt,* 85 Or App 649, 737 P2d 979 (1987). We affirm.

## I.

ORS 133.693 governs challenges to the truth of the assertions in search warrant affidavits. Under ORS 133.693(2), a criminal defendant may contest "the good faith, accuracy and truthfulness *of the affiant* as to the evidence presented before the issuing authority." (Emphasis added.) The criminal defendant has "the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful." ORS 133.693(3). Even then, however, it is left to the court to determine "whether, under applicable law, any inaccuracy, untruthfulness or lack of good faith requires suppression." ORS 133.693(5). *See State v. Harp,* 299 Or 1, 7-8, 697 P2d 548 (1985).

■ ORS 133.693 divides persons into two classes: Affiants and non-affiants. By statute, an affiant's "good faith, accuracy and truthfulness" may be challenged. There is no statutory authority permitting the challenge to non-affiants. Non-affiants would include informants or anyone communicating by whatever means with the affiant and whose statements or information are included within the affidavit by the affiant.

---

[2] Defendant made two motions to controvert. In the first, he asserted that the informant either was mistaken about defendant's identity or fabricated the heroin purchase. After a hearing, the circuit court denied the motion.

Defendant moved for reconsideration and filed a second motion to controvert. He again argued that ORS 133.693 allowed a challenge to the "underlying evidence" of a search warrant affidavit. Defendant's motions also challenged the good faith of the affiant in presenting evidence to obtain the search warrant and whether the informant actually existed and was reliable. *See* ORS 133.703. After a hearing, the circuit court denied the motions.

On appeal and in his petition for review, defendant has not sought to challenge the good faith of the police officer-affiant. We solely address whether defendant may challenge the accuracy and truthfulness of the informant and of the informant's statements.

Although ORS 133.693(2) would seem to bar, by its plain language, a challenge to the statement of or information from a non-affiant, defendant here poses the question as to whether non-affiant statements or information may be challenged as part of a challenge *to the affiant.* In other words, may a non-affiant's statements be controverted because they come out of an affiant's mouth or pen? The answer to that question depends on ascertaining what the legislature intended in permitting challenges to the good faith, accuracy and truthfulness "of the affiant."

## II.

ORS 133.693 was enacted by the 1973 legislature. Or Laws 1973, ch 836, § 118. An early draft of the statute allowed challenges only to "the good faith of the affiant." Criminal Law Revision Commission, Proposed Oregon Criminal Procedure Code § 168 (1972). The Commentary to Section 168 stated that the proposed statute allowed challenges to "the good faith but not the objective truth of testimony offered in support of probable cause." *Id.* Although the Commentary also suggested that the proposed statute "fairly closely reflects present Oregon law and practice," that may not have been the case. In fact, contemporary Oregon law may have allowed challenges to the truthfulness of non-affiant statements contained in the affidavit as well as to the good faith of the affiant. *See State v. Ronniger,* 7 Or App 447, 492 P2d 298 (1971); Minutes of the Criminal Law Revision Commission, March 22, 1972, Exhibit A at 1.

When the proposed revision was presented to the Senate Judiciary Committee, the American Civil Liberties Union opposed the proposed statute as "a substantial departure from existing Oregon law and practice. * * * [The statute] would make it impossible to establish that the 'facts' in an affidavit were outright lies." Statement of the American Civil Liberties Union of Oregon Concerning SB 80, February 5, 1973. The ACLU proposed that the statute be changed to allow a criminal defendant " 'to contest the accuracy or truthfulness of the *affiant's evidence.'* " *Id.* (Emphasis added.) This amendment was introduced in the Senate Judiciary Committee, but the actual change made was to insert the words "accuracy and truthfulness" after "good faith." Minutes on SB 80, Senate Judiciary Committee, March 14, 1973 at 12.

The offered amendment may have been intended to preserve the intent of the ACLU amendment while varying from the actual words suggested by the ACLU.[3]

In the House of Representatives, the proposed statute was opposed by the Oregon District Attorneys' Association as allowing "a full-fledged trial on the motion to suppress because it would be impossible to get to the truthfulness of the document on its face." Minutes on SB 80, House Judiciary Committee, May 9, 1973 at 6. Representative Hampton objected to the proposed statute because "the [affiant] might be truthful in intent but not truthful in fact and again the warrant would be invalidated." Minutes on SB 80, House Judiciary Committee, May 28, 1973 at 2. The relevant changes made by the House, however, were to add what is now subsection (5)[4] and to insert the words "accuracy and truthfulness" in subsections (2) and (3) to conform to the Senate amendments. Minutes on SB 80, House Judiciary Committee, May 29, 1973 at 4-5.

## III.

The Court of Appeals consistently has interpreted ORS 133.693 as allowing challenges to the good faith, accuracy and truthfulness of the affiant and not to underlying information supplied by an informant. *See State v. Dunning,* 81 Or App 296, 298-99, 724 P2d 924 (1986); *State v. Coatney,* 44 Or App 13, 17-18, 604 P2d 1269 (1980); *State v. Montigue,* 38 Or App 363, 365-66, 590 P2d 274, *aff'd on other grounds,* 288 Or 359, 605 P2d 656 (1980). This court has noted but not decided the issue. *See State v. Montigue, supra,* 288 Or at 361 n 1.

In construing a statute, we are cautioned "not to insert what has been omitted, or to omit what has been inserted." ORS 174.010; *see also Lane County v. Heintz Const. Co.,* 228 Or 152, 160, 364 P2d 627 (1961). The problem before

---

[3] *See* Hearing on SB 80, Senate Judiciary Committee, March 14, 1973, Tape 10, Side 2.

[4] Defendant argues that ORS 133.693(5) was added to denote that "more than just the *affiant's* good faith, accuracy and truthfulness could be contested." (Emphasis in original.) This section was added, however, to avoid defining by legislation, and to leave to the courts, the legal standard for suppression. *State v. Harp,* 299 Or 1, 7-8, 697 P2d 548 (1985).

us is that the 1973 legislature *may* have intended to allow challenges to the accuracy and truthfulness of all facts, including those alleged by non-affiants, when they are included by the affiant within the affidavit. That, at least, is a fair inference from the insertion of the words "accuracy and truthfulness" in the proposed statute by the Senate Judiciary Committee. The inference is stronger in light of the intent of the ACLU's proposed amendment and the comments made to the House Judiciary Committee about the effect of the proposed statute.

Significantly, however, the legislature did *not* include the ACLU's proposed amendment. That amendment would have allowed a challenge to the "accuracy and truthfulness of the affiant's evidence." A challenge to the "affiant's evidence" makes a clear case for permitting a challenge to a non-affiant's statements or information. That is because an "affiant's evidence" may include statements and information provided by non-affiants.

■ We construe the words which were included, "accuracy and truthfulness," to refer solely to the affiant's accuracy and truthfulness. That interpretation is, as we noted, the plain and literal sense of the words. A criminal defendant may challenge an affiant's accuracy and truthfulness, as well as good faith, in reporting the statements and information contained within the affidavit. A criminal defendant may challenge, for example, whether an informant actually made a statement to the affiant or whether the affiant has correctly reported a statement.

■ A criminal defendant may not challenge, however, the accuracy and truthfulness, as well as good faith, of non-affiants. A criminal defendant may not controvert the accuracy and truthfulness of information conveyed by non-affiants or statements made by non-affiants.[5]

---

[5] Defendant does not raise any issue concerning the constitutionality of ORS 133.693, and we do not address any such issue. We note that in *Franks v. Delaware*, 438 US 154, 98 S Ct 2674, 57 L Ed 2d 667 (1978), the United States Supreme Court held that a criminal defendant may challenge the truthfulness of factual statements made in an affidavit which is used to procure a search warrant. The defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included within the affidavit by the affiant. 438 US at 155-56. A hearing is required if the allegedly false statement was

■     We conclude that defendant was precluded by ORS 133.693 from challenging whether the informant fabricated evidence or mistakenly identified defendant.

The decisions of the Court of Appeals and the trial court are affirmed.

---

necessary to find probable cause. *Id.* at 156.

Other courts have concluded from *Franks* that criminal defendants may not challenge statements made to the affiant which are reported in the affidavit. *United States v. Perdomo,* 800 F2d 916, 920-21 (9th Cir 1986) (showing of affiant misrepresentation required to contest falsity of statements made to affiant which are included within affidavit); *United States v. Southard,* 700 F2d 1, 10 (1st Cir 1983) (*Franks* requirements not satisfied by showing that informer lied to unsuspecting affiant); *State v. Mosley,* 412 So2d 527, 530 (La 1982) (issue is whether affiant was truthful, not whether informant was truthful); *State v. Cervantes,* 92 NM 643, 648, 593 P2d 478 (NM Ct App 1979) (*Franks* permits challenge to affiant, not to any nongovernmental informant).

*Franks* does not address situations in which a criminal defendant challenges a *governmental* informant's deliberate falsity or recklessness. *See Franks v. Delaware, supra,* 438 US at 171. The Seventh Circuit has suggested that a *Franks* hearing may be required where one governmental agent deliberately or recklessly misrepresents information to another agent who, innocently, makes out the affidavit. *United States v. Pritchard,* 745 F2d 1112, 1118-19 (7th Cir 1984). *But see United States v. Radtke,* 799 F2d 298, 309-10 (7th Cir 1986) (*Franks* hearing not required absent showing of knowing or reckless falsehood by affiant).

*See generally* 2 La Fave, Search & Seizure § 4.4 (2nd ed 1987).