Argued and submitted April 5, 1989, the decision of the Court of Appeals affirmed and the judgment of the circuit court affirmed March 6, 1990

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# SEAN J. COFFEY,
*Petitioner on Review.*

## (CM 87-0204; CA A46922; SC S35817)

788 P2d 424

David E. Groom, Salem, argued the cause for petitioner on

review. With him on the petition was Gary D. Babcock, Public Defender for Oregon, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent on review.

Before Peterson, Chief Justice, and Linde,** Carson, Jones, Gillette, Van Hoomissen, and Fadeley, Justices.

CARSON, J.

---

** Linde, J., retired January 31, 1990.

## CARSON, J.

In this criminal case, the trial court denied defendant's motion to suppress evidence seized pursuant to a search warrant and convicted him of possession of a controlled substance. In determining whether the trial judge properly denied defendant's motion to suppress, we must address the underlying issue of whether a judge, in reviewing an affidavit supporting an application for a search warrant, may consider the opinion of a polygraph examiner to establish the reliability of information supplied by an unnamed informant.

This case began when police sought a warrant to search defendant's apartment for cocaine. In support of an application for a search warrant, Officer Claxton submitted an affidavit which stated, in part:

"On June 5, 1987 a Confidential Informant, hereafter referred to as a CI, advised me of the following: In the past 72 hours the CI was in the apartment of Sean Jordon [sic] Coffey. Coffey's apartment is located at 433 NW 6th St. #3, Corvallis, Benton County, Oregon.

"CI observed Coffey in possession of a plastic bag that appeared to contain Cocaine. Others in the apartment referred to the Cocaine as 'girl' a street word for Cocaine. I checked with Pacific Power and Light and they confirmed that a Sean Coffey was listed in their records as the person responsible for the power bill at 433 NW 6th St., #3, Corvallis, Oregon. I also checked with Pacific Northwest Bell. I was advised by them that a Sean Coffey had a listed phone number of 758-7557. Their records also indicate that Coffey has an address of 433 NW 6th St., #3, Corvallis, Oregon.

"I was advised by Detective Larry McCloskey, Benton County Sheriff's Office, that he would administer a polygraph on the CI. The polygraph exam showed the CI to be truthful regarding his statement about seeing the Cocaine.

"CI is not under investigation for a crime. CI admits being able to recognize Cocaine because CI admits to having used Cocaine in the past.

"CI estimates that the bag of Cocaine contained approximately one ounce on [sic] Cocaine. CI also adivsed [sic] that he observed smaller plastic bags containing approximately 1 gram of Cocaine. In my experience Cocaine is frequently sold to users in amounts of 1 gram."

A judge issued a warrant. Pursuant to the warrant,

police searched defendant's apartment and seized one ounce of cocaine. In denying defendant's pretrial motion to suppress the seized evidence, the trial court concluded that the judge who issued the warrant properly considered "the fact that the informant passed the polygraph." In the trial court's view, this "fact" helped to establish the reliability of the unnamed informant.

The Court of Appeals agreed. *State v. Coffey,* 94 Or App 94, 764 P2d 605 (1988).[1] We granted review to decide whether a judge may consider the opinion of a polygraph examiner to establish the reliability of information supplied by an unnamed informant in an affidavit filed in support of issuance of a search warrant.

■ As a preliminary matter, we address an issue raised by defendant in the courts below. Defendant contended that the failure of the affidavit to set forth the qualifications of the polygraph examiner was fatal to consideration of the polygraph examiner's opinion. The affidavit discloses merely that the named examiner was a detective in the Benton County Sheriff's Office. The Court of Appeals concluded that the warrant-issuing judge reasonably could infer that, in light of ORS 703.050 and 703.990,[2] detective McCloskey was not in violation of the law and, consequently, the examiner was licensed under ORS 703.050. ORS chapter 703 sets forth the qualifications necessary to conduct polygraph examinations in this state. ORS 703.990 states that conducting a polygraph examination without a license constitutes a Class A misde-

---

[1] The Court of Appeals previously had addressed this issue in *State v. Fink,* 79 Or App 590, 720 P2d 372 (1986). In that case, the Court of Appeals held that "a magistrate may properly consider the results of a polygraph examination in determining whether an unnamed informant is credible." 79 Or App at 595.

[2] ORS 703.050 provides:

"No person, including persons employed by a state agency or public body in this state, may engage in conducting polygraph examinations, refer to that person as a polygraph examiner or offer or advertise services as a polygraph examiner unless that person is licensed under ORS 703.010 and 703.030 to 703.320 as a polygraph examiner."

ORS 703.990 provides:

"Violation of any provision of ORS 703.010 and 703.030 to 703.320 or of any rule adopted thereunder is a Class A misdemeanor."

meanor. We agree with the Court of Appeals that a common-sense view of the affidavit permits the inference that the examiner was licensed and, thereby, sufficiently qualified.

■    ORS 133.545(4),[3] which addresses the application for a search warrant, includes the requirement that the application be supported by an affidavit which "shall set forth facts bearing on any unnamed informant's reliability." This statute codifies standards set forth in *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), and *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969), on the use of hearsay from unnamed informants in search warrant affidavits.[4]

Here, the affidavit sets forth that "[t]he polygraph exam showed the [informant] to be truthful regarding his statement about seeing the Cocaine." We first address the question of whether the opinion of the polygraph examiner is a "fact" bearing on the unnamed informant's reliability; that is, we must decide whether the polygraph examiner's opinion as set forth in the affidavit shows the informant to be credible or his or her information to be reliable. *See State v. Alvarez,* 308 Or 143, 147, 776 P2d 1283 (1989).

The polygraph examiner's interpretation of the data produced by the polygraph is one quantum of information (or "fact") that "bears on" the unnamed informant's reliability. A polygraph examiner's opinion as to deception or lack thereof will tend to show the informant's information to be unreliable or reliable. In this case, the informant reported seeing cocaine in defendant's apartment; the polygraph examiner's opinion supports a conclusion that the informant spoke without deception upon conveying this information. The opinion of the polygraph examiner is thus a fact bearing on the reliability

---

[3] ORS 133.545(4) provides, in part:

"* * * If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

[4] The standards set forth in *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), and *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969), were "at least partially dismantled" in *Illinois v. Gates,* 462 US 213, 103 S Ct 2317, 76 L Ed 2d 527 (1983). 1 LaFave, Search and Seizure § 3.3(a), 618 (2nd ed 1987). An affidavit complies with *Gates'* less rigorous "totality of the circumstances" test, however, when it complies with the *Aguilar/Spinelli* standards codified in ORS 133.545(4).

of the informant's information and is, accordingly, a fact bearing on his or her reliability within the meaning of ORS 133.545(4).[5]

■   Having determined that the polygraph examiner's opinion as to deception is one fact bearing on the reliability of the unnamed informant's information, we next discuss whether all the facts presented in the affidavit—including the polygraph examiner's opinion—establish the requisite probable cause for issuance of a search warrant. *See State v. Dunavant,* 250 Or 570, 444 P2d 1 (1968) (discussing what is required to establish probable cause). The affidavit states that Officer Claxton confirmed the reliability of the informant's information about defendant's name and address by checking with the electric and telephone companies; that the unnamed informant was able to recognize cocaine;[6] that the street name for cocaine ("girl") had been heard by the unnamed informant; that the unnamed informant reported that the cocaine was packaged in a manner known by the officer-affiant frequently to be used in the sale of cocaine; and that the "polygraph exam showed the CI to be truthful regarding his statement about seeing the Cocaine." Although none of these facts is sufficient by itself, their combination, including the polygraph examiner's opinion,[7] makes the affidavit sufficient.

This case is a sequel to, as well as a divergence from, *State v. Brown,* 297 Or 404, 687 P2d 751 (1984), and *State v. Lyon,* 304 Or 221, 744 P2d 231 (1987), but is consistent with *Snow v. OSP,* 308 Or 259, 780 P2d 215 (1989). In *Brown,* this court concluded that, although polygraph evidence may possess some probative value and relevance, such evidence may not be admitted, over proper objection, in any civil or criminal

---

[5] Although the statute provides that the affidavit must set forth facts bearing on the *informant's* reliability, our prior analysis in *State v. Alvarez,* 308 Or 143, 147, 776 P2d 1283 (1989), shows that the inquiry correctly focuses on the *credibility* of the informant and the *reliability* of the information.

[6] The unnamed informant's statement that he had used cocaine in the past was a "declaration against penal interest." As we pointed out in *State v. Alvarez, supra,* and *State v. Carlile,* 290 Or 161, 619 P2d 1280 (1980), such a statement is entitled to "some weight" in determining the reliability of an informant's information.

[7] Were the polygraph examiner's opinion (or any of the other facts listed) the *sole* fact bearing on reliability, the affidavit would not be sufficient to support a determination of probable cause. The insufficiency of the polygraph examiner's opinion is due to doubts about the validity and potential rate of error of the polygraph. *See State v. Brown,* 297 Or 404, 433, 687 P2d 751 (1984).

trial. In *Lyon,* this court concluded that such evidence may not be admitted, even upon stipulation, in any proceeding subject to the Oregon Evidence Code. Both cases relied upon the rationale that the reasons for excluding polygraph evidence—including confusion of the issues, usurpation of the role of the jury, and potential for undue delay—substantially outweigh the probative value of the evidence. As required by the Oregon Evidence Code, this court weighed the advantages and disadvantages of allowing such evidence. *See* OEC 403.

In contrast, the analysis of *Brown* and *Lyon* is not relevant in a judge's determination of whether to issue a search warrant. Information to be considered in issuing a warrant need not be admissible under the rules applicable to trial evidence: Rather, the inquiry under ORS 133.545(4) is whether the information is a fact bearing on the credibility of the unnamed informant or the reliability of his or her information. *See Spinelli v. United States, supra,* 393 US at 419 ("[A]ffidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial."); *see also State v. Clifton,* 271 Or 177, 181, 531 P2d 256 (1975) (polygraph is a proper tool for use by the police in interrogating persons suspected of a crime but not admissible as substantive evidence of guilt).

Recognizing that "[t]he nature of the [search warrant application] proceedings makes application of the rules of evidence *inappropriate* and impracticable," Commentary to Evidence Code section 101 (emphasis supplied), the legislature specifically chose not to apply the restrictions of the Oregon Evidence Code to issuance of search warrants. OEC 101(4)(f). Further, ORS 133.545(4) does not entail the weighing required by OEC 403. Thus, in proceedings to which the Oregon Evidence Code is not applicable, different considerations are relevant and a different analysis is required. *See Snow v. OSP, supra* (polygraph results admissible in Department of Corrections disciplinary proceedings if prisoner consents).

■ Defendant also argued that the affidavit contained items of information that were "inaccurate and untruthful and not presented in good faith by the affiant." *See* ORS 133.693. Defendant gave testimony contrary to information supplied by the unnamed informant presented in the affidavit. But as the Court of Appeals correctly observed, defendant

may contest only the good faith, accuracy, and truthfulness of the *affiant*—and *not* that of the *informant*. *State v. Hitt,* 305 Or 458, 753 P2d 415 (1988). Defendant did not challenge the affiant;[8] consequently, the motion to controvert properly was denied.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is affirmed.

---

[8] Upon motion for reconsideration in the trial court, defendant did challenge the good faith of Officer Claxton (the affiant) by introducing evidence that Claxton was aware of the informant's criminal record upon filing the affidavit. The informant apparently had been charged with or convicted of assault in the fourth degree and with hindering prosecution.

The trial court, however, properly could have concluded, under ORS 133.693(3), that this evidence did not establish a lack of good faith by a preponderance of the evidence.