Argued and submitted March 5, affirmed December 16, 1992, reconsideration denied February 10, petition for review denied March 23, 1993 (315 Or 643)

# STATE OF OREGON,
## *Respondent,*

*v.*

# SCOTT MARLOW DARROCH,
## *Appellant.*

## (10-90-07719B; CA A69371)

843 P2d 978

Michael V. Phillips, Eugene, argued the cause for appellant. With him on the brief was Johnson, Clifton, Larson & Bolin, P.C., Eugene.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

Durham, J., specially concurring.

### RICHARDSON, P. J.

Defendant appeals convictions for manufacture, delivery and possession of a controlled substance. ORS 475.992(1)(a), (4)(a). He contends that the court erred by denying his motions to controvert a search warrant affidavit and to suppress evidence seized pursuant to the warrant. We affirm.

Law enforcement officers executed a search warrant at defendant's residence and seized marijuana plants and other evidence of manufacture, delivery and possession of marijuana. The affiant, Deputy Sheriff Wuest, had talked to Deputy Sheriff Spies, who told him that she had received information from a person who wished to remain anonymous that there had been an unusual amount of nighttime vehicular traffic at defendant's residence. Spies told Wuest that she had then driven by defendant's residence and "[a]t that time she noted that with the exception of one downstairs window on the South side of the residence, all of the windows on the front of the residence were covered with what appeared to be black plastic material. * * * [T]hat all of the windows on the north side and rear (West side) of the residence were covered with cloth or a black plastic material."

Defendant moved to controvert certain statements in the affidavit, including the statement attributed to Spies that the windows of the residence on the North side were covered. The trial court, in oral musings, said that that statement was inaccurate but held that a statement from someone other than the affiant could not be controverted. That is correct. ORS 133.693; *State v. Hitt*, 305 Or 458, 753 P2d 415 (1988).

Although defendant agrees that *Hitt* is a correct statement of the law, he argues that, because the inaccurate information was from another officer, it ought to be stricken, even though the affiant innocently included the inaccurate statement in the affidavit. He suggests that, if such an inquiry is prohibited by ORS 133.693, the statute is unconstitutional under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the federal constitution.

Defendant agrees that there is no direct authority for his proposition but argues that, by analogy, *Franks v. Delaware*, 438 US 154, 98 S Ct 2674, 57 L Ed 2d 667 (1978),

supports his argument. The Court held in *Franks* that a defendant may challenge the truthfulness of a factual statement attributed to an informant and recited in the affidavit, if the defendant made a substantial showing that the affiant included the false statement knowingly and intentionally or with reckless disregard for its truth. The Court carefully noted that such a challenge goes to the integrity of the affiant and the affidavit and does not serve as a general challenge to the truthfulness of informants.

In *State v. Esplin*, 314 Or 296, 839 P2d 211 (1992), the court addressed arguments similar to those here. There, the defendant argued that he should be able to challenge the truthfulness of an unnamed informant's statement, because the informant was a paid police agent and was "tantamount to [a] police officer." The court held that Article I, section 9, of the Oregon constitution does not mandate such an inquiry. That ruling entails defendant's Oregon constitutional contention.

After an extended discussion of *Franks v. Delaware, supra*, the court essentially rejected the defendant's arguments under the federal constitution. Although the Oregon Supreme Court did not explicitly hold that a defendant could not challenge information from governmental informants, under the Fourth Amendment, the discussion strongly points to that ruling. We decline to hold that the Fourth Amendment requires an inquiry under the circumstances that defendant postulates without our having clearer directions from the state or federal supreme courts.

■ In his second assignment, defendant contends that the court erred in denying his motion to suppress. He argues that, even if the statement attributed to Spies is not excised, the affidavit does not establish probable cause to believe that there would be evidence of the manufacture of marijuana on his premises. The affidavit disclosed that many of the windows of defendant's house were covered with cloth or black plastic material. The affiant, who had considerable experience in illicit drug investigations, said that covered windows, along with high electric power usage, is indicative of a marijuana growing operation. The unattached garage, which had all of its windows covered, was supplied power through a separate electric meter. The monthly power consumption for

the garage was listed in the affidavit as well as that for the house. The affidavit also included monthly power consumption figures for three other houses of similar or larger size. A comparison of the figures shows that defendant's residence and garage used a significantly greater amount of electricity during a 10-month period than the other places. The affiant stated that he had observed no activity on the premises that would consume large amounts of electric power.

Both the affiant and Spies saw a large number of bags of potting soil or fertilizer and a stack of five gallon plastic buckets. The affiant explained that such "gardening" materials were commonly used to grow marijuana plants indoors. Defendant had been convicted of possession of illegal drugs in 1970 and was implicated in drug trafficking between 1973 and 1975.

We conclude, as did the trial court, that there was a factual basis in the affidavit for the magistrate to issue the search warrant.

Affirmed.

**DURHAM, J.,** specially concurring.

I agree that the trial court correctly denied defendant's motion to controvert the search warrant. I write separately, because I disagree with the majority's reasoning.

The affiant, Deputy Wuest, included information supplied by Deputy Spies in his search warrant affidavit. Spies had told him that she had observed defendant's house and that all of its windows except one were covered with black plastic. The court found that part of that statement was inaccurate but declined to exclude it, because it was not a statement of the affiant. I concur in the majority's affirmance because, even if Spies's statement is excluded, the affidavit contains sufficient facts to support the issuance of the search warrant and there is no evidence that Wuest included the false statement intentionally or with reckless disregard for its truth. Any error in refusing to exclude the statement was harmless.

I do not believe that either the Fourth Amendment or Article I, section 9, of the Oregon Constitution permits a police affiant to establish probable cause by recklessly *or*

intentionally including a false statement by another officer in an affidavit. *State v. Hitt,* 305 Or 458, 753 P2d 415 (1988), held that the statement of someone other than the actual affiant could not be controverted in a proceeding under ORS 133.693. In *State v. Esplin,* 314 Or 296, 839 P2d 211 (1992), the court determined that the *Hitt* rule applied, even when the informant was a paid police agent. The lead opinion reads that construction of ORS 133.693 to foreclose defendant's constitutional argument. I disagree.

In *Esplin,* the court discussed the extent of the informant's involvement with the police and concluded that the facts, "without more, [did] not make the informant 'tantamount to [a] police officer.' " 314 Or at 304. The court left open the possibility that a defendant could controvert the statements of a police officer informant. In *Franks v. Delaware,* 438 US 154, 98 S Ct 2674, 57 L Ed 2d 667 (1978), the Court held that, under the Fourth Amendment, a defendant may challenge the veracity of an informant's statement if the defendant first makes a substantial preliminary showing that the affiant included the false statement in the affidavit knowingly and intentionally or with reckless disregard for its truth. The Supreme Court also stated that "[t]he deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any *nongovernmental informant.*" 438 US at 171. (Emphasis supplied.) That suggests that statements of governmental informants may be subject to a motion to controvert, although the court did not address the issue.

Affidavits *may* be subject to the *Franks* rule, or a similar rule under the Oregon Constitution, if the affiant knowingly and intentionally or recklessly includes a false statement from another officer in the affidavit in order to obtain a warrant. This case furnishes no occasion to address that issue.

I concur in the result.