Submitted on record and briefs August 18, 2006, affirmed March 14, 2007

STATE OF OREGON,
*Respondent,*

*v.*

JONATHAN DAVID McDOWELL,
*Appellant.*

F09237; A123296

155 P3d 877

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Ernest G. Lannet, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Ortega and Rosenblum, Judges.

ORTEGA, J.

**ORTEGA, J.**

Defendant appeals his convictions for possession of a controlled substance, *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005), and frequenting a place where controlled substances are used, ORS 167.222. Defendant assigns error to the denial of his motion to suppress evidence seized during a search of his apartment pursuant to a warrant, contending that the warrant was not supported by probable cause and was not sufficiently particular. The warrant issued only for the apartment, but both warrant and supporting affidavit contained confusing references to an unspecified vehicle. Although the warrant and affidavit are not models of clarity, we affirm.

The evidence at issue was found during a search of an apartment that defendant apparently shared with Bullard, who, according to information developed by police officers, was selling methamphetamine from the apartment. Officer Welberg filed the affidavit in support of a search warrant. In it, he described his experience and training regarding drug deals generally. Although Welberg did not mention any particular vehicle, a significant portion of the affidavit is devoted to a lengthy description of his experience with vehicle searches and evidence found during searches of drug dealers' vehicles generally. The only general reference to residences is this:

> "Based on my training and experience, as well as the combined knowledge and experience of other police officers known to me, I am aware that it is generally a common practice for drug dealers to store their drug inventory and drug-related paraphernalia * * * in their residences, out-buildings and vehicles. Further, it is generally a common practice for drug-dealers to maintain in their residence records relating to their drug dealing activities * * *."

Later in the affidavit, Welberg described the specific events that gave rise to his request for a warrant. Welberg spoke with a named informant, who claimed to have seen someone purchase drugs from Bullard at his "residence located at 1408 Washington Avenue Apt # 5." Welberg

arranged for the informant to do a controlled methamphetamine buy from Bullard. When the informant first tried to purchase the drug, Bullard said that he was out of methamphetamine and was planning to go to Hermiston for more. A few days later, the informant contacted Bullard again, went to Bullard's apartment, and completed the controlled buy.

Welberg stated that he had learned that, when a drug dealer is always able to sell drugs on short notice, the dealer has an ongoing supply; that drug dealers often conceal drugs in "closed containers in the vehicle (including hiding places within the vehicle * * *)"; and that dealers in one controlled substance often deal in other controlled substances as well. The affidavit never identified any specific vehicle and did not explicitly state that Welberg believed that there was probable cause to search the apartment.

The warrant that issued provided:

"**YOU ARE COMMANDED TO MAKE IMMEDIATE SEARCH** of the following described residence located at 1408 Washington Avenue Apt. # 5. The residence belonging to George Bullard * * * is in La Grande, Union County Oregon, which is a mustard colored apartment building. The person of George Bullard.

"**YOU ARE COMMANDED TO SEARCH THE ABOVE DESCRIBED** vehicle, including closed containers FOR THE FOLLOWING ITEMS: [list omitted]."

(Uppercase and boldface in original.)

Defendant moved to suppress evidence of the search of the apartment, contending that the warrant was not supported by probable cause and was not sufficiently particular. At the hearing on that motion, Welberg testified that he prepared and signed the affidavit and that he sought a warrant to search the residence only. Welberg also testified that nothing in his description of the evidence of drug deals at the residence was inaccurate. The trial court denied defendant's motion to suppress, explaining that, although the warrant and affidavit used inappropriate "boilerplate" wording, "a reasonable person would conclude that based upon the informant's controlled purchase of methamphetamine out of [d]efendant's residence, illegal controlled substances would

be found in the [d]efendant's residence." Defendant entered a conditional guilty plea, preserving his right to appeal the denial of his motion to suppress.

■ On appeal, defendant first renews his argument that the warrant was not supported by probable cause, contending that the affidavit is insufficient because it lacks any indication of Welberg's subjective belief that seizable things would probably be found in defendant's apartment. According to defendant, the affidavit established only Welberg's belief that evidence would be found in some unidentified vehicle at the apartment's street address. The state responds that the magistrate could infer Welberg's subjective belief from his affidavit, which clearly identified the residence where drug deals occurred but never identified any particular vehicle, and that an express recitation of subjective belief is unnecessary. Although we are troubled by the lack of care and attention to detail in the preparation and review of Welberg's affidavit, we agree with the state that Welberg's subjective belief regarding the residence may be inferred from the affidavit.

■ The sufficiency of an affidavit supporting a warrant depends on "(1) whether there is reason to believe that the facts stated are true, and (2) whether the facts and circumstances described in the affidavit are sufficient to establish probable cause to search." *State v. Henderson*, 341 Or 219, 224, 142 P3d 58 (2006) (citations omitted). For probable cause to be established, the officer, at the time of seeking the warrant, must subjectively believe that a crime has been committed and evidence of the crime is subject to seizure, and that belief must be objectively reasonable under the circumstances. *State v. Esplin*, 314 Or 296, 304-05, 839 P2d 211 (1992). As we explained in a case where officers conducted a warrantless search of a backpack and none of them explicitly stated a subjective belief that the backpack contained contraband,

"searching officers need not recite 'magic words' to confirm the existence of subjective probable cause. When an inference of probable cause reasonably can be drawn from the evidence and no evidence provides a contrary explanation of the searching officers' conduct, we will affirm a trial court's conclusion that subjective probable cause existed."

*State v. Getzelman,* 178 Or App 591, 596, 39 P3d 195, *rev den,* 334 Or 289 (2002) (citations omitted); *see also State v. Dinsmore,* 182 Or App 505, 512-13, 49 P3d 830 (2002) (the trial court could infer from evidence establishing objective probable cause that the officer also subjectively believed that the defendant had committed a crime). Doubtful cases must be resolved in favor of the preference for warrants. *Henderson,* 341 Or at 225.

Here, the trial court concluded that a reasonable person would believe that illegal controlled substances would be found in the apartment, that is, that there was objective probable cause. Evidence cited in the affidavit supports that conclusion, and defendant does not challenge it. Although Welberg did not explicitly state his subjective belief that such evidence would be found in the apartment, he described his knowledge of previous drug sales at the residence, his basis for believing that Bullard had an ongoing supply of drugs, and his knowledge that drug dealers commonly keep drugs and drug paraphernalia in their residences. Based on those facts, the magistrate could infer that Welberg subjectively believed that he would find at the apartment evidence of the crimes of possession and distribution of controlled substances.

■    Defendant contends that Welberg nevertheless must have lacked such a subjective belief, because he failed to request a warrant to search the apartment. The state responds that it is clear from the context that Welberg sought to search the apartment: the affidavit does not describe any vehicle but does describe specific criminal activity at the apartment. We agree.

Although the affidavit concludes with a request for a warrant to search some unspecified vehicle, the prayer in the affidavit is not the "application" for a warrant. Rather, ORS 133.545(4) provides that the application for a search warrant "shall consist of a proposed warrant in conformance with ORS 133.565, and shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched."

Here, the request in Welberg's affidavit for a warrant "for the search of the above-described vehicle" is not controlling. Welberg testified that he sought a warrant to search the residence. The particular facts and circumstances set forth in the affidavit show that crimes had been committed in the apartment, not in any car, and allow the inference of Welberg's subjective belief that evidence would be found in the apartment. We conclude that the affidavit adequately established probable cause to search the apartment.

■ Defendant next contends that the warrant is not sufficiently particular because it did not identify the place to be searched or, given that the face of the warrant refers to searching for listed items in an unspecified vehicle, the things to be seized. The state responds that it is clear from the context of the warrant that the only place to be searched was the specified residence and that an officer executing the warrant could reasonably ascertain the place to be searched.

■ We conclude that the warrant was sufficiently particular. The particularity requirement limits a search to those places where a magistrate has determined that there is probable cause to search. *State v. Trax*, 335 Or 597, 602, 75 P3d 440 (2003). "A description in a warrant of the place to be searched satisfies the particularity requirement if it permits the executing officer 'to locate with reasonable effort the premises to be searched.'" *Id.* at 603 (quoting *State v. Cortman*, 251 Or 566, 568-69, 446 P2d 681 (1968), *cert den*, 394 US 951 (1969), and citing *State v. Blackburn/Barber*, 266 Or 28, 35, 511 P2d 381 (1973)). If the executing officer reasonably can determine the premises to be searched from the face of the warrant, the particularity requirement is met. *Trax*, 335 Or at 609.

Here, the warrant provided a particular description of the premises. It is true that the warrant, after directing officers to search "the following described residence," went on to further direct officers to "search the above described *vehicle*." (Uppercase and boldface omitted; italics added.) Nevertheless, given the warrant's lack of any description or mention of any vehicle, an executing officer could reasonably determine from the face of the warrant that the place to be searched was the previously described apartment and that

the reference to a vehicle was inadvertent. Because the warrant allowed executing officers to locate with reasonable effort the particular place to be searched—namely, the apartment—it was sufficient. Likewise, executing officers could reasonably determine that the items to be seized, as listed in the warrant, were to be seized from the apartment. Accordingly, the trial court did not err in denying defendant's motion to suppress.

Affirmed.