Argued and submitted March 31, conviction vacated; remanded for further proceedings November 4, 1992, respondent's petition for reconsideration allowed by opinion March 31, 1993
See 119 Or App 102 (1993)

# STATE OF OREGON,
*Respondent,*

*v.*

# MARSHA LYNN MILLER,
*Appellant.*

## (10-89-06163; CA A67050)

840 P2d 1329

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals her conviction for unlawful delivery of a controlled substance. ORS 475.992. She assigns error to the trial court's denial of her motions to controvert and to suppress evidence obtained pursuant to a search warrant. We remand.

The search warrant was based on an affidavit by Police Officer Finnerty. The affidavit states that Finnerty had been trained in the identification and recognition of controlled substances and had encountered controlled substances in the course of his employment. Because of his training and experience, he was familiar with the distinctive odor of growing and recently harvested marijuana. The affidavit relates that, around midnight on June 8, 1989, Finnerty responded to a complaint about a domestic disturbance at a residence approximately 20 feet behind defendant's residence. While in the complainant's driveway, he "detected an overwhelming odor of Fresh/Live Marijuana plants coming from the back of [defendant's] residence" and saw defendant in her back yard. After leaving the complainant's residence, he no longer smelled marijuana. He conferred with another officer on a neighborhood corner and learned that that officer also had smelled marijuana in the area. The affidavit also states that defendant had been convicted of delivering methamphetamine four years earlier and that her "common law husband" had been arrested for possession of a controlled substance two months earlier. On several occasions, Finnerty and another officer had observed cars stopping in front of defendant's house and their occupants entering her home and then leaving after 10 or 15 minutes.[1]

Defendant combines her argument on the motions to controvert and to suppress. She argues that she demonstrated by a preponderance of the evidence that the information in the affidavit was inaccurate in three respects and that, without the inaccurate information, the affidavit does not establish probable cause to search. She argues that Finnerty could not have seen her in the backyard, because she was not

---

[1] The state conceded that information in the affidavit from an informant who told an officer who told Finnerty that defendant kept methamphetamine in her house for sale was not usable, and that portion was stricken.

home that night, that he did not have formal training in detecting fresh marijuana by smell and that he could not have smelled growing or fresh marijuana on her property, because there was none.

When the trial court denied the motion to controvert, it said:

"The Motion to Controvert really only addresses the two things. The conclusion that there was a smell of growing marijuana and whether the Defendant was there.

"* * * * *

"And I really don't understand the law to be that a good faith mistake is grounds to strike the observations from a warrant. I think the officer probably smelled something he identified as marijuana. He may well have made a mistake but I think he made a good faith effort and drew another officer into that process to identify that smell as marijuana. It may well have been eight puppies and two dogs and a bale of hay and what two dogs and eight puppies leave around. And that may have been what they smelled. But in good faith it seemed to him similar to what he smelled in a marijuana grow operation and I can't strike that from the affidavit so I guess I will deny the Motion to Controvert."

■■ When factual questions arise on a motion to controvert, we are bound by the trial court's findings of fact, if there is evidence to support them. *State v. Cole*, 78 Or App 450, 454, 717 P2d 221, *rev den* 302 Or 297 (1986). Here, the trial court failed to decide whether the information in the affidavit is accurate, because it concluded that, even if it was inaccurate, the officer's good faith prevented striking the information. That was error.

ORS 133.693 governs motions to controvert affidavits. It provides:

"(1)   Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"* * * * *

"(5)   The court shall determine whether, under applicable law, any inaccuracy, untruthfulness or lack of good faith requires suppression."

The statute requires a court to suppress evidence if it finds that an officer acted in other than good faith in making an affidavit, as for example, by purposefully excluding material information that would go against a finding of probable cause for a search or seizure. However, the statute does not provide that an officer's good faith is a basis for upholding a warrant based on an otherwise inadequate affidavit. In other words, an officer's good faith will not save an affidavit if it contains untrue or inaccurate statements of material information. The untrue or inaccurate information must be excised, and the sufficiency of the affidavit must then be determined on the basis of the remaining true and accurate information. *State v. Harp*, 299 Or 1, 9, 697 P2d 548 (1985).

Because the trial court did not make a finding whether defendant proved that Finnerty's affidavit contained material inaccuracies, we vacate the judgment of conviction and remand for reconsideration of the motions not inconsistent with this opinion. If the court concludes that the affidavit did not contain material inaccuracies and that it is sufficient to establish probable cause, it shall deny the motions and re-enter the judgment. If the court determines that the motion to controvert should be allowed in any respect, it shall determine the sufficiency of the affidavit after the excisions and, accordingly, re-enter the judgment or order a new trial.

Conviction vacated; remanded for proceedings not inconsistent with this opinion.