On respondent's petition for reconsideration filed January 23, reconsideration allowed; opinion (116 Or App 174, 840 P2d 1329) modified and adhered to as modified March 31, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## MARSHA LYNN MILLER,
*Appellant.*

### (10-89-06163A; CA A67050)

849 P2d 563

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

The state petitions for review of our opinion, 116 Or App 174, 840 P2d 1329 (1992). We treat the petition as one for reconsideration, ORAP 9.15, and allow it only to address the state's argument that we misconstrued the law pertaining to motions to controvert, because our ruling is inconsistent with *State v. Esplin*, 314 Or 296, 839 P2d 211 (1992).

In *Esplin*, the Supreme Court clarified that, at the time an officer applies for a search warrant, "the officer must subjectively believe that a crime has been committed and that a thing is subject to seizure, and the officer's belief need only be objectively reasonable *then.*" *State v. Esplin, supra*, 314 Or at 304. (Emphasis in original.) Contrary to the state's assertion, our opinion is not inconsistent with that rule.

■■ We said that a defendant is entitled to challenge the accuracy of an officer's affidavit by challenging the objective reasonableness of that officer's belief at the time that the officer applied for the warrant. When a defendant proves that the officer's belief that certain material facts in the affidavit are true is objectively unreasonable, then that officer's good faith will not save the affidavit. In those circumstances, the affidavit contains material inaccuracies and the reviewing court must evaluate the sufficiency of the affidavit based on the remaining accurate information. 116 Or App at 178; *State v. Harp*, 299 Or 1, 9, 697 P2d 548 (1985). That analysis is consistent with *State v. Esplin, supra*.

Reconsideration allowed; opinion modified and adhered to as modified.