Argued January 4, affirmed February 1, 1967

STORY ᴇᴛ ᴜx *v.* HAMAKER

423 P. 2d 185

*Glenn D. Ramirez* and *Quentin D. Steele,* Klamath Falls, argued the cause for appellants. With them on the briefs were Ramirez & Hoots, Klamath Falls.

*Donald R. Crane,* Klamath Falls, argued the cause for respondent. On the brief were Proctor, Puckett & Crane, Klamath Falls.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and REDDING, Justices.

DENECKE, J.

Plaintiffs brought this law action to recover $10,000 allegedly paid by the plaintiffs as the down payment pursuant to a land sale contract. The trial court sitting without a jury found for the defendant.

Plaintiffs and the defendant's decedent, Hoyt, executed a land sale contract which recites that the plaintiffs agree to purchase, and Hoyt to sell, Hoyt's ranch for $40,000. The document states the purchase price is payable "$10,000 at the time of the execution of this agreement, the receipt of which is hereby acknowledged." According to plaintiffs' testimony the $10,000 was paid by the plaintiffs giving Hoyt $2,000 and Hoyt making a gift to plaintiffs of $8,000. There is in evidence a statement signed by Hoyt, addressed to the Director of Veterans' Affairs, stating he made Story a gift of $8,000 to make the down payment.

The land sale contract was prepared by a realtor. At the time of the execution of the contract the realtor had an option to buy the Hoyt ranch, which Story knew. The realtor exercised his option and purchased the ranch and Hoyt could not perform the alleged contract he had with plaintiffs.

The realtor, called as a witness by plaintiffs, testified that the whole transaction was a sham to enable Hoyt to secure, through Story, a state veteran's loan. The realtor testified no money was paid by Story and the writing signed by Hoyt stating he made a gift was only to deceive the Department of Veterans' Affairs and, in fact, no gift was made or intended. He stated

that after the loan was made Story would reconvey to Hoyt.

■ We are unable to understand the purport of Assignment of Error I. It states: "The Court erred (in misconstruing ORS 116.555)." Thereafter various testimony, objections, rulings and remarks of the court are set out. ORS 116.555 provides that a claim against an estate must be proved by evidence other than the testimony of the claimant. Much of the material set out in the statement of Assignment of Error I concerns the court's refusal to admit the land sale contract and the statement of gift. Both of such exhibits were later admitted; therefore, the court's initial ruling that they were inadmissible cannot be reversible error.

■ The other assignment of error is that the court's judgment for the defendant is contrary to the evidence. Plaintiffs contend that the realtor's testimony upon which the court's decision appears primarily to have been based was inadmissible under ORS 41.740, the parol-evidence rule. The statute itself provides that the bar against the admission of parol evidence to vary a writing is not applicable "where the validity of the agreement is the fact in dispute." This is the fact in dispute here.

The trial court found:

"II.

"That on the first day of December, 1958, the Plaintiffs and the decedent, Charles E. Hoyt, executed a certain instrument purporting to be a contract for the sale of certain real property by the decedent to the Plaintiffs; that said instrument was not the result of a meeting of the minds of the parties thereto; that there had not been a meeting of the minds between the parties concerning the sale of said real property and that it was not the inten-

tion of the parties to said instrument that the decedent sell the real property to the Plaintiffs.

### "III.

"That no consideration was paid by the Plaintiffs to the decedent at the time of the execution of the instrument dated December 1, 1958."

■ There was competent evidence to support such findings.

Affirmed.