Argued March 7, affirmed April 4, 1978

BONDED CREDIT COMPANY, *Appellant,*
*v.*
HENDRIX, *Defendant,*
*and*
HENDRIX, *Respondent.*
(No. A-7604-04512, SC 25260)

576 P2d 795

Brian W. O'Brien, Portland, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Denecke, Chief Justice, and Howell and Lent, Justices, and Joseph, Justice Pro Tempore.

JOSEPH, J., Pro Tempore.

**JOSEPH, J.,** Pro Tempore.

Plaintiff, as assignee of the claim, brought this action against two purported obligors on a retail charge account. Only the defendant Cherry Hendrix was served. The goods for which the charges were made were purchased by the unserved defendant, who is Cherry's daughter. Cherry will be referred to herein as defendant. She entered a general denial. Plaintiff appeals from a judgment on a jury verdict for defendant.

The written agreement, filled out by the daughter who was shown as "Applicant," provided in relevant part:

> "I hereby apply for a * * * Flexible Charge Account. It is understood and agreed that if this application is approved my account will be subject to the following credit terms of sale.

> "1. I will pay the time sale price for all items of merchandise so purchased * * *.

> "* * * * *

> "3. I agree to be responsible for all purchases charged to this account by myself or any other authorized buyer that I may designate.

> "* * * * *

> "7. This statement is given to obtain credit * * *. I acknowledge that a copy of this agreement has been delivered to me."

It was signed by the daughter on the line for "Applicant's Signature" and by the defendant on the line for "Spouse's Signature," the former word having been stricken and "Mother" written in. The first page of the application form contained a handwritten notation: "Would like Cherry Hendrix (mother) to be able to buy."

A request for admission of the genuineness of that document was made pursuant to ORS 41.625. The request was apparently never formally responded to, but at trial defendant testified she had signed the application and that both the notation referring to her

quoted above and the modification of the signature line were then on the form. There was testimony that the form was one commonly used (with appropriate changes) by the retailer when more than one person was to be authorized to charge on an account.

Defendant was permitted to testify over objection that she did not intend to be obligated to pay for her daughter's purchases and that a representative of the retailer had told her at the time of application that she would not be so bound. The trial court relied on *Pendleton Grain Growers v. Pedro,* 271 Or 24, 530 P2d 85 (1975), as authority for allowing that testimony. That case involved two questions: 1) May the validity of a contract be raised by a general denial?; and 2) Did the parol evidence rule forbid the defendant in that instance from showing that a signed written agreement was not a contract? The first question was answered affirmatively in view of the plaintiff's burden to show the very existence of a contract. The second question was answered negatively because the defendant sought to show the non-existence of any agreement on price and other terms.

The rule of integration codified in ORS 41.740[1] as the parol evidence rule forbids proof of terms other than the written ones in a complete agreement "except where a mistake or imperfection is put in issue * * * or where the *validity of the agreement* is the fact in dispute." (Emphasis supplied.) The challenged testimony cannot be taken to have been directed to

---

[1] "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

whether there was an agreement at all. The "validity of the agreement" was not "the fact in dispute" (*see Story v. Hamaker,* 245 Or 584, 586, 423 P2d 185 (1967)), and the testimony was not admissible under the parol evidence rule. *Pendleton Grain Growers* is inapplicable here.

Although the trial court was incorrect in relying upon that case, we conclude that the evidence was properly admitted. Plaintiff had the burden to establish that the agreement obligated the defendant to pay for goods bought by her daughter. The terms of the integrated document do not inescapably convey that meaning. It would be reasonable to conclude either that "I" referred only to the applicant, *i.e.,* the daughter, or to both of the signators. That, together with the words indicating that the defendant was intended to be only an authorized purchaser, compels us to recognize that the agreement was ambiguous on its face. Moreover, business records of the retailer received before the challenged testimony show that no account was ever opened in the defendant's name. Viewed as evidence to clarify the meaning of the ambiguous agreement, the testimony was not subject to the parol evidence rule. *Taylor v. Wells,* 188 Or 648, 217 P2d 236 (1950). Although the court's reason for allowing the testimony was not correct, nonetheless we affirm the ruling because the result was correct. *State Farm Fire v. Sevier,* 272 Or 278, 298, 537 P2d 88 (1975).

Plaintiff also assigned as error the denial of its motion for directed verdict. Viewed favorably to the defendant, the evidence by no means made it "inevitable that the plaintiff was entitled to judgment" (*Dean v. Poole,* 235 Or 606, 609, 386 P2d 453 (1963)). The motion was properly denied.

Affirmed.