Argued and submitted December 21, 1992, affirmed August 18, reconsideration denied December 15, 1993, petition for review allowed January 18, 1994
(318 Or 325)

David M. ABERCROMBIE
and J.G. "Glen" Vannoy and
Marilyn Vannoy, husband and wife,
Josef Diamond and Clise Realty, Inc.,
*Respondents,*

*v.*

HAYDEN CORPORATION,
a Delaware corporation,
dba Hillman Properties Northwest,
*Appellant.*

(9007-04517; CA A71590)

858 P2d 152

Jacob Tanzer, Portland, argued the cause for appellant. With him on the briefs were Bruce W. DeKock and Ball, Janik & Novak, Portland, and Richard M. Botteri, Vincent P. Salvi and Weiss, Jensen, Ellis & Botteri, Portland.

William H. Walters, Portland, argued the cause for respondents. With him on the brief were Peter C. Richter and Miller, Nash, Weiner, Hager & Carlsen, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

In this action for breach of a real estate sales contract, defendant seller appeals from the judgment for plaintiff buyers.[1] We affirm.

The parties entered into the contract in August, 1989. There was a specified closing date in the contract and a provision that that date could be extended in writing. A memorandum of the contract was recorded. Plaintiffs delivered the earnest money and quitclaim deeds to an escrow agent, together with the parties' instructions that, if the transaction failed to close by the specified time, the earnest money was to be delivered to defendant and the quitclaim deeds were to be recorded. The quitclaim deeds provided, as material:

"[Plaintiffs] * * * release and quitclaim to [defendant] * * * the real property [subject to the contract].

"* * * * *

"This Deed is being recorded for the purpose of clearing from title all of [plaintiffs'] right, title and interest to the property arising from [the recorded memorandum]."

Because plaintiffs encountered difficulty in obtaining financing, the closing date was extended in writing five times. Under the fifth extension, July 12, 1990, was specified as the new closing date. Plaintiffs were still unable to close on that date. They allege that, in conversations on July 12 and July 13, a sixth extension was orally agreed to between them and defendant's principal. As part of that extension, plaintiffs agreed to the recording of the quitclaim deeds. Before the time for performance under the oral extension elapsed, defendant sold the property to another buyer. Plaintiffs brought this action and recovered a judgment on the jury's verdict in excess of $4.5 million.

■ ■ Defendant's first three assignments turn on the proposition that, under the parol evidence rule, neither the text of the written contract and extensions nor the language of the quitclaim deeds could be varied by evidence of the oral

---

[1] We use the term "plaintiffs" to refer to Abercrombie and the Vannoys. It is unnecessary to an understanding of this opinion to describe or refer to the other plaintiffs.

extension, and that the trial court erred in various particulars by allowing the evidence to be used and in submitting it to the jury. Defendant is mistaken in its understanding that the parol evidence rule applies at all, insofar as it relates to the contract and the written extensions. The rule does not bar evidence of subsequent agreements, as distinct from oral understandings that precede or are contemporaneous with the written agreements that they purportedly vary. *Allen v. Allen*, 275 Or 471, 479, 551 P2d 459 (1976). It also has no application to subsequent oral modifications of written agreements. *See Howell v. Oregonian Publishing Co.*, 82 Or App 241, 246, 728 P2d 106 (1986).

■ Defendant's parol evidence argument with respect to the quitclaim deeds is that such evidence may not be admitted to prove that the parties agreed to "vary" the terms of those deeds. The problem with defendant's argument is that it assumes that the deeds are unambiguous and that the only possible reading of them is that plaintiffs surrendered all of their interest in the contract and the property. However, the deeds are also susceptible to the interpretation that they served the limited function of clearing defendant's title of the cloud of the recorded memorandum. Under the latter reading, the deeds could have served the purpose of facilitating financing or other purposes that are completely consistent with the extension of the contract and with plaintiffs' continued interest. Accordingly, evidence of the oral extension was admissible to resolve the ambiguity in the deeds. *Bonded Credit Co. v. Hendrix*, 282 Or 35, 39, 576 P2d 795 (1978). We reject defendant's first three assignments.

Defendant's next three assignments turn, to some degree, on its understanding that the Statute of Frauds applies to the oral extension. Plaintiffs proceeded on three alternative theories: That defendant waived the previously specified time of performance, that defendant is estopped by the extension to claim otherwise and that the extension constitutes a modification of the original closing date provisions and the earlier written extensions. Defendant argues that there are two pervasive flaws that defeat plaintiffs' theories as a matter of law: There was no new consideration for a waiver or modification, and any change in the provisions had to be in writing, unless the transaction was taken out of

the Statute of Frauds by proof of estoppel, which defendant contends plaintiffs failed to prove.

Most of defendant's arguments are defeated by *Davidson v. Wyatt*, 289 Or 47, 609 P2d 1298 (1980), in which the court held that the holders of an option to purchase real property under a written agreement could assert a claim for specific performance, on a mixed waiver and estoppel theory, based on their contention that the original date for the exercise of the option had been extended by an oral agreement. The court explained:

> "We are now convinced that the statute of frauds plays no independent role in the analysis of cases of this kind. When a party to a written contract asserts that the other party has waived the benefit of a contract provision under circumstances giving rise to an estoppel, the fact that the alleged waiver was in the form of an oral agreement may be significant on the issue of whether it was reasonable to rely on the waiver. It does not, however, raise the problem of the enforcement of an oral contract contrary to the statute of frauds." 289 Or at 57-58. (Footnote omitted.)

The court in *Davidson* also held that the option holders' claim required proof of

> "(1) the waiver—defendant's representation that he would permit plaintiffs to exercise the option to and including [the extension date], (2) the reliance — that [the plaintiffs] reasonably relied on that representation, and (3) the damage — that they would be injured as a consequence of that reliance if defendant were permitted to insist on the expiration date provided in the written option." 289 Or at 57.

Here, the trial court correctly instructed the jury on those elements. Defendant argues, however, that this case differs from *Davidson v. Wyatt, supra*, because, unlike the plaintiffs there,

> "[t]hese plaintiffs were not ready, willing and able buyers who were lulled into late performance in reliance upon an extension. To the contrary, plaintiffs sought the extension precisely because of their inability to perform timely."

Defendant offers that distinction in support of its argument that, as a matter of law, plaintiffs could not have relied on the extension to their detriment or materially

changed their position because of it. However, whether plaintiffs "reasonably relied" on the extension was a question for the jury. There was evidence to support plaintiffs' estoppel claim.

■      Defendant's remaining argument in support of its fourth through sixth assignments is that there could have been no valid modification of the written agreement, because plaintiffs gave no new consideration for the oral extension.[2] Although the release of the earnest money and recording of the quitclaim deeds were terms of the oral extension, defendant states that "[d]oing what one is already obligated to do, *i.e.*, allowing the escrowee to follow its previous instructions, is not new consideration." That argument, however, is circular. The escrow instructions and the written fifth extension required the agent to record the deeds upon a failure of timely performance. The oral modification extended the time for performance. Consequently, the recording of the deeds was not simply an act taken pursuant to the previous instruments; it was a new requirement of the oral agreement. Assuming that new consideration was required, it was given. We reject the fourth, fifth and sixth assignments of error.

Defendant asserts in its seventh and eighth assignments that the court erred in admitting certain evidence. The errors, if any, were harmless.

Affirmed.

---

[2] This argument may not have any bearing on the waiver and estoppel theories. We nevertheless address it, because we are unable to tell from the verdict whether the jury found for plaintiffs on their modification theory rather than on their waiver or estoppel theories. *See Whinston v. Kaiser Foundation Hospital*, 309 Or 350, 788 P2d 425 (1990).