Submitted on the record September 24, peremptory writ to issue December 5, 1997, reconsideration denied January 27, 1998

STATE ex rel
David M. ABERCROMBIE,
J. G. "Glen" Vannoy and Marilyn Vannoy,
*Plaintiffs-Relators,*

*v.*

Nely L. JOHNSON,
Circuit Court Judge, Multnomah County,
*Defendant,*
*and*

HAYDEN CORPORATION,
*Intervenor.*

(SC S44556)*

950 P2d 312

Peter C. Richter and William H. Walters, of Miller, Nash, Wiener, Hager & Carlsen LLP, Portland, filed the brief for relators.

No appearance *contra.*

M. Elizabeth Duncan and Ridgway K. Foley, Jr., of Greene & Markley, P.C., Portland, filed a memorandum for intervenor.

PER CURIAM

---

* Relating to Multnomah County Circuit Court Case No. 9007-04517.

## PER CURIAM

This mandamus proceeding arises out of a dispute over the legal effect of certain quitclaim deeds to various commercial properties. The case has been previously before this court. In the original proceeding, relators Abercrombie and others had brought an action against Hayden Corporation for damages allegedly arising out of a breach by Hayden of a contract to sell the commercial properties. The original land sale agreement expired by its terms. Relators then acquiesced in recordation of certain quitclaim deeds that relinquished all relators' interest in the properties. Thereafter, relators nonetheless asserted that there had been a subsequent oral agreement between relators and Hayden to extend the time within which relators could purchase the properties. Hayden, however, sold the properties to someone else.

Relators brought an action against Hayden. A jury awarded damages to relators. Hayden then appealed to the Court of Appeals, which affirmed. *Abercrombie v. Hayden Corp.*, 122 Or App 355, 858 P2d 152 (1993). On review of that decision, this court held that the trial court had erred when it admitted evidence of the alleged oral sixth extension of the closing date for purchase of the properties. *Abercrombie v. Hayden Corp.*, 320 Or 279, 883 P2d 845 (1994). This court's disposition in that proceeding stated simply: "The decision of the Court of Appeals and the judgment of the circuit court are reversed." 320 Or at 293.

The present proceeding arises out of the case on remand. Relators seek to have admitted, on different grounds than those asserted earlier, the same contested evidence of an oral sixth extension to the parties' land sale contract. The trial judge, unable to determine from our disposition of the case whether our earlier decision precluded admission of the challenged evidence under *all* circumstances, or only the more narrow circumstances specifically addressed in the opinion, chose to force the issue by ruling that this court's decision precluded admission of evidence of the oral sixth extension on any theory. At the same time, she urged relators to seek mandamus, in order to avoid the protracted course of

a second appeal before this court could once again address the issue.

As noted, the question before us is whether our earlier decision precluded admission of the challenged evidence under all circumstances. We could offer either a long or a short answer. The longer answer would include a full recitation of the procedural history of this case. But that procedural history is well known to the judge and to the parties, and a description of it would be of no assistance to any other member of the bench or bar. Accordingly, we choose to give the short answer.

The short answer to the question raised in this proceeding is: This court's earlier decision did not consider or address all possible theories under which relators might seek admission of the challenged evidence under one or another exception to the parol evidence rule. The trial judge's ruling to the contrary, while reasonable under all the circumstances, was erroneous. The admissibility of relators' parol evidence under relators' alternate theories is an open question that the trial court must decide. A peremptory writ shall issue directing the trial judge to vacate her order.

Peremptory writ to issue.